Filed Feb. 5, 1895.

* * *

|140    375|
|166    189|

No. 17,069.

ANDERSON ET AL. *v.* BELL ET AL.

DESCENT.—*Descendants of Half Blood Brothers and Sisters.*—Descendants of half blood brothers and sisters inherit equally with those of the whole blood; or descendants of kindred of the half blood inherit equally with kindred of the whole blood.  (R. S. 1881, section 2472.)

SAME.—*Regulation by State Laws.*—The law of descent is a matter which each State must regulate for itself.

SAME.—*Brother or Sister, Meaning.*—*Half Blood.*—The word "brother"

or "sister," as used in our statute of descent, usually means a brother or sister of the half blood as well as one of the whole blood.

STATUTE.—*Construction.*—*Earlier Statutes.*—*Use of Same Words.*—*Legislative Intent.*—In the enacting of statutes, the Legislature is presumed to have acted with reference to the construction given to former statutes, couched in substantially the same language, and that it has used the words in that sense.

From the Carroll Circuit Court.

*J. H. Gould* and *G. R. Eldridge,* for appellants.

*S. T. McConnell, A. G. Jenkins* and *L. D. Boyd,* for appellees.

McCABE, C. J.—A part of the appellees sued a part of the appellants for partition of certain real estate in Carroll county, making the other appellees defendants and the other appellants coplaintiffs with themselves. Upon the issues formed, there was a trial by the court without a jury; and at the request of both parties the court made a special finding of the facts, and stated its conclusions of law thereon. The conclusions of law are assigned for error.

As shown by the facts, John B. Anderson died testate on the first day of June, 1870, owner in fee simple of the real estate in controversy in this action. Margaret Anderson, a daughter of said John B. by his second wife, died intestate August 27, 1880, owner in fee simple of said real estate, which she had received by devise from her father, John B.; that she left surviving her no father, no mother, no husband, and no children or their descendants. Robert Anderson, who died long previous to the death of said Margaret, was a son of said John B. Anderson, by his first wife, and consequently was a half brother of the said Margaret Anderson, of the blood of the common ancestor, John B. Anderson. Robert left surviving him his half sister Margaret and several children, appellees herein, who, in this action, claim that

they are of the blood of John B. Anderson and are kindred of the half blood to Margaret, and as descendants of Margaret's deceased half brother inherit Robert's interest in Margaret's said real estate. And the trial court so held.

This presents the principal legal question in the case, viz: Do the descendants of kindred of the half blood inherit equally with kindred of the whole blood?

The solution of the question rests upon the statute law of Indiana, for the law of descent is a matter which each State must regulate for itself. *Cope* v. *Cope*, 137 U. S. 682.

Considering the legislation chronologically we find that the ordinance of Congress of July 13, 1787, provided rules of inheritance in the territory out of which the State of Indiana was formed; and it was therein provided that there should, "in no case, be a distinction between kindred of the whole and half blood," and that such law should "remain in full force until altered by the Legislature of the district." R. S. 1843, p. 20.

The second section of the act to regulate descents, approved January 2, 1817 (the first enactment by the State), provided generally that "brothers and sisters of such deceased person dying intestate, and their descendants," shall inherit equally. Laws of Indiana, 1818, p. 183, Laws of Indiana, 1824, p. 154.

The next act regulating descents was that of January 29, 1831, and there was no change in this respect. Revised Code, 1831, p. 208, section 2.

The act of February 17, 1838 (section 2), provided that "if there be no father or mother, then the whole shall be equally divided among the brothers and sisters, or their descendants." And "that half brothers or sisters or their descendants shall, if there be brothers or sisters or their descendants alive, inherit, each to the

amount of one-half the share of each full brother or sister or their descendants alive, then the half brothers or sisters, or their descendants shall inherit in the same way as if they were full brothers or sisters, or their descendants.'' R. S. 1838, p. 236, section 2.

By the statute of 1843, "kindred of the half blood, and their descendants, shall inherit equally with those of the whole blood in equal degree of consanguinity to the intestate.'' R. S. 1843, p. 436, section 114.

And such was the law until 1852, when the law now in force was enacted, and is section 2472 of the Revised Statutes of 1881. Burns R. S. 1894, section 2627.

It is contended by the appellants' learned counsel, that the revision of 1852, which has been carried forward into that of 1881, made a change in the rule of inheritance as to kindred of the half blood, so that since then no kindred of the half blood can inherit unless they are brothers or sisters of the half blood.

It is conceded that all kindred of the half blood, that is, brothers and sisters of the half blood, and their descendants could inherit equally with those of the whole blood in this State from the organization of the territory under the ordinance of 1787, up to the revision of 1852, because the previous statutes provided, or had been construed to mean that kindred of the half blood, and their descendants, should inherit equally with those of the whole blood, and that the provision in favor of the descendants of the half blood was omitted from the revision of 1852. It is contended that such omission evinced an intent to limit the inheritance of the half blood kindred to half brothers and half sisters, and to cut off their descendants. In short, it is contended that a descendant of a half blood brother or sister is not kindred of the half blood, and hence can not inherit until the Legisla-

ture restores the provision in favor of the descendants of the kindred of the half blood.

The solution of the question thus raised depends upon the proper construction of sections 2470 and 2472, R. S. 1881, Burns R. S. 1894, sections 2625 and 2627. Counsel concede that these two sections must be construed together, and as we may properly say, they ought to be construed as if they were but one and the same section. And yet, counsel having made that concession, proceed to build up their whole theory on the absence of the words, "their descendants," from the latter section.

The first section above provides that: "If there be neither father nor mother, the brothers and sisters of the intestate living, and the descendants of such as are dead, shall take the inheritance as tenants in common." Counsel assume, as a foregone conclusion, that the language of the section above quoted excludes brothers and sisters of the half blood. If they are right in this, the court erred in its conclusions of law. But if they are wrong, then the court did not err.

The statute uses the words "brothers and sisters" without qualification or restriction. Webster defines the word brother to mean a male person who has the same father and mother with another person, or who has one of them. And the word sister as a female who has the same parents with another person, or who has one of them only. This meaning of the words brothers and sisters was adopted by this court in construing a similar statute fifty-five years ago in *Clark* v. *Sprague,* 5 Blackf. 412–13. This court there said, at pages 414, 415, that: "Our statute of descents and distribution, * makes no reference to the first purchaser. That statute, or so much of it as is applicable to the present case, is as follows, viz.: That the real and personal estate of any person dying intestate, shall descend to his or her children, or

their descendants in equal parts, that is to the children of a deceased child, the share of their deceased parent: if there be no children, nor their descendants, then to the father; and if there be no father, then in equal parts to the mother, brothers, and sisters, of such deceased person dying intestate, and to their descendants. R. S. 1831, p. 207.

"In construing this statute we are trammeled by no artificial rules. The only question is, whether the terms 'brothers and sisters' necessarily exclude brothers and sisters of the half blood.

"It is manifest that there is not in the statute any legislative intention expressed to exclude the half blood. If it is excluded then, it is upon general principles of law, not from any positive enactment. According to the uniform construction which the English statute of distributions has received, especially since the decision of the case of *Crooke* v. *Watt,* 2 Vern. 124, a brother of the half blood is a brother within the meaning of the law. That statute directs that the personal estate of an intestate, under certain circumstances, shall be distributed among the next of kin in equal degree. When the next of kin are brothers and sisters, no distinction is made between those of the whole and half blood. Being related to the intestate by blood the half blood as well as the whole blood are within the degree mentioned in the statute.

"And, in *Tracy* v. *Smith,* 2 Lev. 173, it is said that a brother of the half blood is a brother, as well as a brother of the whole blood. The construction given to that statute shows that, except where an artificial rule of evidence has been introduced for a special purpose the word brother does by law mean as well a brother of the half as of the whole blood. Following that construction, and applying the same rules to the construction of our statute, we think the right of the complainants to par-

ticipate in the distribution of the personal estate of their deceased brother, is clearly established. And so we think they are also entitled to a partition of the real estate of the deceased. * * * In deciding the question before us, we are aided by a few decisions which have been made in the courts of our own country.

"In the case of *Gardner* v. *Collins*, 3 Mason, 398, a statute of Rhode Island, which, except that it is exclusively a statute of descents, is in almost all other respects similar to our statute of 1831, *supra*, came under consideration. The terms of the statute are: 'When any person having title to any real estate of inheritance shall die intestate as to such estate, it shall descend and pass in equal portions to his or her kindred in the following course: To his or her children, or their descendants, * * then to the father of such intestate; if there be no father, then to the mother, brothers and sisters of such intestate, and their descendants, or such of them as there be,' etc. The action was ejectment, and was brought to recover an estate which the plaintiff claimed, as a brother of the intestate of the half blood, and the defendants claimed the same as heirs of the whole blood. Judge Story, in commenting upon the fourth paragraph of the statute above noticed, said: 'The question is whether brothers and sisters of the half blood are not within the purview of this clause.' 'Unless the court can say that brothers and sisters of the half blood, are not brothers and sisters in the general sense of the law, it is impossible to doubt the title in this case. The statement of the proposition carries its own answer. Brothers and sisters of the half blood are recognized by law as of kin in the degree of brothers and sisters, and as the act contains no qualification as to whole or half blood, the words must be taken in their common and usual sense.' The same case was afterwards taken to the Supreme Court of the United

States where the plaintiff had judgment.    2 Pet. R. 58.

"In the case of *Sheffield* v. *Lovering,* 12 Mass. 490, the same determination was made.    By a statute of Massachusetts for the settlement and distribution of intestate's estates, it was enacted that the real estate of the intestate, when he shall leave no issue, shall descend to his father; if no issue nor father, it shall descend in equal shares to his mother, if any, and to his brothers and sisters; if no issue, father, brother, nor sister, it shall descend to his mother if any; but if no mother then to his next of kin in equal degree.

"The plaintiff demanded one-fifth of the estate of which the intestate, Mary Marsh, died seized, and the question before the court was, whether a brother or sister of the half blood could claim as heir to Mary Marsh, or whether the whole of her estate descended to her mother?    The court admits that this could not be made a question at the common law, but say that the rules governing the descent and distribution of real and personal estate, have generally been alike in their courts, depending wholly on the statutes of that commonwealth.    The judicial construction of the English statute of distribution was adopted by the court, and judgment given for the demandant.

"From the terms of our statute, therefore, as well as from the construction given by other courts to statutes of similar import, we are of opinion that brothers and sisters of the half blood are not excluded by the act of 1831, *supra,* but that the words brothers and sisters include as well brothers and sisters of the half as of the whole blood."

It thus appears that at the time of the enactment of the statute of descents of 1852, and continued in force to the present time, the words brothers and sisters used in a statute of descents had a judicial construction so as

to include by them as well brothers and sisters of the half as of the whole blood.

It is a universal rule of construction, without an exception, that in enacting statutes the Legislature will be presumed to have acted with reference to the construction given to former statutes, couched in substantially the same language, and that they used the words in that sense. *State, ex rel.,* v. *Swope,* 7 Ind. 91; *Wiggins, Admr.,* v. *Keizer,* 6 Ind. 252; *Brosee* v. *State,* 5 Ind. 75; *Bowman* v. *Conn,* 8 Ind. 58; *Garrigus* v. *Board, etc.,* 39 Ind. 66; *Indianapolis, etc., R. W. Co.* v. *Board, etc.,* 39 Ind. 215; Endlich Int. Stat., p. 12; Suth. Stat. Con., p. 546, section 424.

It follows that the provision quoted from section 2470 (2625) *supra,* casting the descent upon the brothers and sisters of the intestate living, and the descendants of such as are dead, includes as well brothers and sisters of the ¡half blood and their descendants as those of the whole blood unless this meaning is in some way controlled or modified by some other section.

Suth. Stat. Con., section 238, says that "one who contends that a section of an act must not be read literally must be able to show one of two things, either that there is some other section which cuts down or expands its meaning or else that the section itself is repugnant to the general purview."

There is no claim that the section referred to is repugnant to the purview. But it is assumed by appellants, learned counsel that the only provision for kindred of the half blood is made by section 2472, R. S. 1881, *supra,* (1 Burns R. S. 1894, section 2627, *supra*), and as it omits descendants of the half blood, none of the kindred of the half blood can inherit but half brothers and half sisters. It provides that "kindred of the half blood shall inherit equally with those of the whole blood; but if the estate

shall have come to the intestate by gift, devise, or descent from any ancestor, those only who are of the blood of such ancestor shall inherit: *Provided,* That on failure of such kindred, other kindred of the half blood shall inherit as if they were of the whole blood.''

It is to be observed that the principal object and purpose of this section, as appellants' learned counsel contends, is to limit the right of inheritance by kindred of the half blood. But the limitation is not in the direction of confining the right of inheritance exclusively to the half brothers and half sisters, as contended by appellants, but it is to limit the right to those of the half blood only who are of the blood of the ancestor from whom the estate shall have come to the intestate by gift, devise, or descent, if there are any such half blood kindred; or, rather, to exclude from such inheritance kindred of the half blood who are not of the blood of the ancestor, where there are other kindred of the half blood who are of the blood of the ancestor.

In *Robertson* v. *Burrell,* 40 Ind. 328, this court construed this section as if it read as follows: ''Kindred of the half blood shall inherit equally with those of the whole blood; but if the estate shall have come to the intestate by gift, devise, or descent, from any ancestor, those kindred of the half blood only who are of the blood of such ancestor shall inherit; provided, that on failure of such kindred of the half blood having the blood of such ancestor, other kindred of the half blood shall inherit as if they were of the whole blood.''

From the organization of the State to the enactment of the statute under consideration, kindred of the half-blood inherited equally with those of the whole without limitation or qualification. This section put a limit or qualification upon that rule and excluded the half blood kindred only where they were not of the blood of the

ancestor from whom the estate came by gift, devise, or descent to the intestate, where there were half blood kindred of the blood of the ancestor. As before observed, that was the principal object of that section. But the section would be practically meaningless if section 2625 (2470), *supra,* were left out. It is only by looking to that section, providing, as it does, for the inheritance by brothers and sisters living and the descendants of such as are dead and carrying its provisions into force, that the section under consideration can be given any operation whatever. If there were no provision for inheritance by brothers and sisters, the provision in favor of kindred of the half blood would be an idle fulmination of words. So we must look to both sections to get the meaning of either, as though both sections formed and were but one.

And thus the provision in section 2625 (2470), *supra,* that the brothers and sisters of the intestate, and the descendants of such as are dead shall take the inheritance, meaning as we have seen brothers and sisters of the half blood, and their descendants, as well as those of the whole blood, may be looked to in determining the scope and meaning of the phrase "kindred of the half blood shall inherit equally with those of the whole blood" in section 2627 (2472), *supra.* If the two sections were one and the same section, no one could doubt that the phrase brothers and sisters of the intestate, and the descendants of such as are dead would all apply to the kindred of the half blood mentioned later on in the section, especially as that part of the section is silent as to whether the descendants of the kindred of the half bloods that are dead are to inherit; and it is practically conceded by the learned counsel for appellants that the two sections should be construed as one section; and that is true because the latter section is practically inoperative without the other.

Vol. 140—25

Thus construing the two sections, it is provided that kindred of the half blood and the descendants of those that are dead shall inherit equally with those of the whole blood, subject to the limitations and qualifications specified in the latter part of said section 2627 (2472), *supra*. We therefore hold that the descendants of the half blood brothers and sisters inherit equally with those of the whole blood.

It follows that the court did not err in its conclusions of law.

The judgment is affirmed.

Filed Feb. 6, 1895.