## Estate of Michael Kane deceased. Appeal of Ellen Kane, Widow of Michael Kane.

*Will—Life estate to widow—Intestacy—Charities.*

Where a testator gives all his property, real and personal, to his widow for her life, or so long as she remains his widow, and after her death or marriage to charities, if he die within thirty days of the time of making his will, a reversionary estate vests in testator's next of kin, as the widow takes no part of the estate absolutely, except under the intestate laws.

Argued April 7, 1898. Appeal, No. 303, Jan. T., 1897, by Ellen Kane, from decree of O. C. Phila. Co., Jan. T., 1894, No. 391, sustaining exceptions to adjudication. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Exceptions to adjudication.

The auditing judge found the facts to be as follows :

The testator by his will provided :

" I give, devise and bequeath all my estate, real and personal, to my wife, Ellen, for and during the term of her life or so long as she remains my widow.

"After the death or marriage of my wife, I give and bequeath the sum of $500 each to St. Joseph's Home for Friendless Boys, St. Vincent's Home (18th Street), and the Maternity Hospital (Woodland Avenue)."

There was no devise or bequest over after the death of the widow excepting to the three charities mentioned, the amount of which was not enough to absorb the whole estate of the testator, so that as to the rest of his estate the testator, after the death of his widow, died intestate, and as the will was executed on January 24, 1894, and the testator died February 9, 1894, the bequests to the charities were void under the act of April 26, 1855.

There are no children of the testator.  His next of kin are nephews and nieces, children of a deceased sister.

The auditing judge awarded the fund to the widow absolutely.

The court in banc sustained exceptions to the adjudication in an opinion by PENROSE, J., which was as follows:

It was said in Merkel's Appeal, 109 Pa. 235, with reference to a gift of personal estate to the widow of the testator, for life, without any limitation over, and without the intervention of a trustee, "there is a line of decisions in this state which hold that such a bequest is absolute: Smith's App., 11 Harris, 9; Brownfield's Estate, 8 Watts, 465; Diehl's Estate, 12 Casey, 120; Silknitter's Appeal, 9 Wright, 365; Grove's Estate, 58 Pa. 429." This is repeated in Drennan's Appeal, 118 Pa. 176, and possibly in some other cases,—the same learned judge delivering the opinion and referring to Merkel's Appeal as establishing the principle, but the decision was not upon this ground, and what is said, therefore, must be regarded as dictum only. An examination of the cases cited shows that with the exception of Brownfield's Estate not one of them sustains or even hints at such a proposition. In Smith's Appeal, there was an absolute gift with limitation over in case of death without issue; in Diehl's Appeal, power was given to the wife "to do with all my property, whatsoever is left, whatever she pleases;" in Silknitter's Appeal, the gift was to a daughter "and her heirs," with a provision that she should have "only the interest during life,"—these words, under well-settled principles, being insufficient to reduce the absolute gift (as in McCune v. Baker, 155 Pa. 503), and only "operating on the manner of enjoyment;" and in Grove's Estate, the wife to whom the estate was given, "to be absolutely her own for and during her life," had also

VOL. CLXXXV—35

power to dispose of all, except what was given to certain lega-
tees, "by her will together with such estate as she may acquire
as her own." The syllabus of Brownfield's Estate,—the only
remaining of the "line of decisions" referred to, is "a bequest
of personal property to a legatee for life, without any disposi-
tion of it after her death, may be paid to her absolutely by the
executor, and will be credited to him upon the settlement of
his administration account." The objection to the credit was
made by persons claiming as residuary legatees, but clearly
shown not to be, and having, therefore, no right to object. In
the course of the argument for the executors, it was said by
counsel, among other grounds, "there being no limitation over,
the bequest of personal property is absolute. See the rule
established in 5 Johns. Chan. Rep. 348;" and the court, after
showing that the exceptants had no interest, adopted this sug-
gestion, in almost the very words in which it was made: "The
wife was entitled to receive it to dispose of as she pleased, there
being no limitation over of it after her death. See 5 Johns.
Chan. Rep. 348." In view of the want of interest on the part of
the parties objecting to the credit, the point was not necessary
to the decision of the case; and as no such rule was "established
in 5 Johns. Chan. Rep. 348," (Westcott v. Cady), it is probable,
or at least possible, that the learned judge accepted the asser-
tion of counsel without looking at the report. Had he done so,
he would have found that nothing of the kind was decided.

Brownfield's Estate was decided in 1839, and is referred to
in no subsequent case prior to the decision in Merkel's Appeal,
in 1885—a period of nearly fifty years. It is mentioned in
Grey on Perpetuities, section 97, and shown to be opposed to
the "sounder and better supported doctrine" that after a be-
quest of a life estate "a reversionary interest is as valid as an
executory bequest." The idea is probably a relic of the com-
mon-law doctrine that there could be no limitation of personal
property, by deed, after a prior life estate: 2 Kent, 352. Of
course, where the gift is chiefly, or altogether, of things of which
the use consists in the consumption—quæ ipso usu consumun-
tur (2 Kent, 353; 2 Williams on Executors, 1503; Drennan's
Appeal, supra; Markley's Appeal, 132 Pa. 352; Scheifler's
Estate, 18 W. N. 64), or where a power to use or dispose of
principal is given, expressly or by implication (Markley's Ap-

peal, supra; Gold's Estate, 133 Pa. 495; Heppenstall's Estate, 144 Pa. 259), the gift of a life estate may be the equivalent of a gift of the absolute ownership—as it may be, also, where the will, taken in its entirety, shows that this was the intention of the testator, as in Merkel's Appeal; but in any case, this manifestly is not because of the mere absence of a limitation over. It is a fundamental principle that rights conferred by the intestate laws, in personalty no less than in real estate, can only be taken away by a will clearly manifesting a purpose to that effect (Hancock's Appeal, 112 Pa. 532), which certainly cannot be said of a will limiting, in express terms, the extent of its operation to the life of the legatee, with no suggestion whatever of power to use or consume principal. In the case now before us, there is not only the gift of a mere life estate, but the further provision restricting it to the widowhood of the legatee, which, being a limitation—"so long as," etc. (unlike the case of a condition), requires no gift over to make it effective: 2 Black, Com. 155; Richards v. Baker, 2 Atk. 321; Bennett v. Robinson, 10 Watts, 348. This restriction would be wholly defeated if the gift is to be treated as absolute in the first instance. See Sheaffer's Appeal, 8 Pa. 38. If, however, the law of Pennsylvania is as asserted in Merkel's Appeal, the principle would not apply to so much of the personal estate of this testator as is given at the death of the widow to charities. To this extent there is a limitation over; and the gifts having failed by reason of the death of the testator within a month after the execution of the will, the void legacies go, under the provisions of the statute, " to the residuary legatee or devisee, next of kin or heirs, according to law." As there is no residuary gift, " the next of kin according to law "—that is, the persons who take under the intestate laws—are entitled.

But this testator blends his real and personal estate, and the life estate given to the wife is in both; and in such case, as conceded in Drennan's Appeal, 118 Pa. 188, the doctrine asserted in Merkel's Appeal does not apply unless evidence of intention sufficient to overcome the presumption thus arising is furnished by the will itself. Here there is no such evidence.

The exceptions to the readjudication are sustained, and one half of the principal of the estate is awarded to the widow, absolutely, and the other half to her upon the entry of security for

the protection of interests taking effect under the intestate laws at her death or remarriage; all income, including interest on deposits, if any, being also awarded to her absolutely.

*Error assigned* was decree of the court.

*Lorenzo D. Bulette,* for appellant.—The limitation "as long as she remains my widow," is a limitation upon condition subsequent, but without any limitation over, and is void: McIlvaine v. Gethen, 3 Wharton, 575; Hoopes v. Dundas, 10 Pa. 77; Marples v. Bainbridge, 1 Madd. 317; Long v. Dennis, 4 Burrow, 2055. The bequest is, therefore, in reality to the widow for life without any limitation over, which has been held in several cases to vest an absolute interest: Brownfield's Est., 8 Watts, 465; Merkel's App., 109 Pa. 235; Drennan's App., 118 Pa. 176; Smith's App., 23 Pa. 9; Diehl's Est., 36 Pa. 120; Silknitter's App., 45 Pa. 365; Grove's Est., 58 Pa. 429. Even if it were held that the void bequest to the charities constituted, quoad hoc, a limitation over, it would fall into the residue. But the clause conveying the bequest to the widow, it being the only disposing clause in the will, must be taken as the residuary clause, inasmuch as it follows the clause directing his debts and funeral expenses to be paid, and expresses the testator's intention to give "all my real and personal estate to my wife, Ellen," etc.; and, as the effect of this residuary clause is to give the widow an absolute interest she must take an absolute interest in whatever falls into and is disposed of by that clause: Merkel's App., 109 Pa. 235.

As the testator died within a calendar month of the date on which his will was executed, the bequest of $1,500 to the charities is, under the act of April 26, 1855, void, and constitutes no limitation over of the gift to the widow: (a) because it falls into the residue by virtue of the act and not by direction of the testator; (b) because the remedial part of the act takes away testamentary capacity as to such gift, from a testator dying within a calendar month of the execution of his will containing a gift to charity: Parsons v. Winslow, 6 Mass. 181; Wheeler v. Bingham, 3 Atkyns, 364; Garret v. Pritty, 2 Vern. 293; Gray's Est., 147 Pa. 76.

*Preston K. Erdman,* for appellees, was not heard, but in his

printed brief said : The rule of construction by which so express a limitation is to be avoided should be very certain and positive, otherwise the intention of the testator, as so plainly expressed by him, must govern. " All mere technical rules of construction," says SHARSWOOD, J., in Reck's App., 78 Pa. 435, " must give way to the plainly expressed intention of a testator, if that intention is lawful. It is a rule of common sense as well as law, not to attempt to construe that which needs no construction." See also Woelpper's App., 126 Pa. 575.

The appellant's contention moreover contravenes the peremptory rule that the heir and next of kin shall not be deprived of his rights under the intestate laws, except by express devise or necessary implication : Hitchcock v. Hitchcock, 35 Pa. 393 ; Hancock's App., 112 Pa. 532; Bender v. Dietrick, 7 W. & S. 284; Rupp v. Eberly, 79 Pa. 141; Cooper v. Pogue, 92 Pa. 254.

Where there is any limitation over, there can be no inference that the use of the life tenant should be by absorption of the principal or any portion of it, otherwise there might be no remainder after the term for life for the limitations to take effect upon : Sheaffer's App., 8 Pa. 38.

PER CURIAM, April 18, 1898:

Without assenting to all that was said by the learned judge who wrote for the court below, we all agree that his conclusion, on which the decree is based, is correct. There is nothing in the questions involved that requires discussion.

Decree affirmed and appeal dismissed at appellant's costs.