William T. Lowrimore, et al., *Appellants*, vs. First Savings & Trust Company of Tampa, as Executor, etc., et al., *Appellees*.

140 So. 887-891.

Division B.

Opinion filed August 6, 1931.
On Rehearing Opinion filed November 7, 1931.

*Macfarlane, Pettingill, Macfarlane & Fowler,* for Appellants;

*Raney, Raney & Wannamaker* and *W. C. Wolfe,* for Appellees.

TERRELL, J.—Jeremiah T. Clark of Tampa, Florida, died testate April 1, 1923. He left his widow but no children surviving him. His last will and testament executed July 3, 1922, contained the following provisions pertinent to this litigation:

1. My trustee at the time of my death shall take immediate possession, management, and control of the trust estate hereby created and collect all rents, issues, profits, dividends, interest, or other income arising therefrom; shall pay all taxes, insurance, assessments, repairs, and all other charges incurred in the care and preservation of said property and the administration of this trust: estate, and shall pay the net income arising therefrom to my beloved wife so long as she may live, said payments to be made to her quarterly.

2. Upon the death of my wife, I direct my trustees to convert all. of the trust estate remaining in its hands into cash, as soon as the same can be conveniently done to the best interest of the trust estate, and to divide the same between my next of kin, share and share alike.

The will converted the entire estate into a trust fund, designated First Savings and Trust Company of Tampa as Trustee and Executor and was probated April 16, 1923. On April 8, 1924, Mrs. Lela M. Clark, widow of the testator and the holder of a life estate under the will, dissented from the terms thereof and elected to take a child's part in lieu of the provision for her under the will.

At the time of the execution of the will and at his death, the testator was possessed of three classes of heirs, or "next of kin", viz: (1) One brother of the half blood, Malachi McAllister Clark, who died December 31, 1923, (2) Nephews and nieces of the half blood, that is to say children of half brothers and sisters who predeceased the testator, and (3) Nephews and nieces of the full blood, that is to say, children of brothers and sisters who predeceased the testator.

This suit was brought by Appellee as trustee named in the will to secure an interpretation of that clause in paragraph two as above quoted, said clause being as follows: "to divide the same between my next of kin, share and share alike." All parties embraced in the three classes of heirs were made parties defendant.

Upon final hearing on bill and answer, the material facts being undisputed, the Chancellor entered his final decree adjudicating Malachi McAllister Clark, the half brother of the testator, to be his sole "next of kin", entitled to inherit under the terms of the will and that said Malachi McAllister Clark, having died after the death of Jeremiah T. Clark, the whole trust fund remaining in the hands of the trustee should be turned over to the widow of said Malachi McAllister Clark, as administratrix of his estate. It was also decreed that the other defendants

named in the bill of complaint being nephews and nieces of both the whole and half blood of the testator were not the "next of kin" to Jeremiah T. Clark and were not entitled to inherit under the terms of his will.

From this final decree, the nephews and nieces of the whole blood entered their appeal.

The cause is ruled by the answer to this question: Who were contemplated as the "next of kin" to the testator, as expressed in his will and should such "next of kin" be determined at the date of the death of the testator or at the date of the termination of the life estate? Appellants contend that to hold that Malachi McAllister Clark, the half brother, was the sole "next of kin" to the testator to the exclusion of nephews and nieces of the whole blood was error.

Primarily, the words "next of kin" comprise those related by blood who take the personal estate of one who dies intestate, and bear the same relation to the personal estate as the word "heirs" does to real estate. Tillman vs. Davis, 95 N. Y. 17, 24, 47 Am. Rep. 1. This distinction does not exist under our law as those who take the personalty of an intestate are identical to those who take title to the realty. Section 3627 Revised General Statutes of 1920 (Section 5491 Compiled General Laws of 1927).

The rule is well settled in some jurisdictions that when the words "next of kin" are used simpliciter in a gift over, and without any explanatory context showing a different intention on the part of the testator, they must be taken to mean next of kin according to the statute of distributions. Pinkham vs. Blair, 57 N. H. 226, 234; Snow vs. Durgin, 70 N. H. 121, 47 Atl. 89, 90; In re. Kane's Estate, 185 Pa. 544, 40 Atl. 90, 92; May vs. Lewis, 132 N. C. 115, 43 S. E. 550, 551; Green vs. Hudson R. R. Co., 32 Barb. (N. Y.) 25. Many other authorities as highly respected hold that the expression "next of kin" when

employed in a bequest has reference to the nearest blood relations of the propositus in equal degree and refuse to apply it to the next of kin according to the statute of distributions in the absence of provision in the will requiring that this be done. Schouler on Wills, Executors, and Administrators (Sixth Edition) Vol. 2, par. 987; Keniston vs. Mayhew, 169 Mass. 166, 47 N. E. 612; Hammond vs. Myers, 292 Ill. 270, 126 N. E. 537, 11 A. L. R. 315.

Despite all that may be said of rules for interpreting a will all the authorities agree that the intent of the testator should prevail against any perversion of words from their usual meaning. To effect this purpose every will may become a law unto itself. We have found no exception to this rule except where the testator attempts to dispose of his property contrary to some rule of law or public policy. The intention of the testator is to be gathered from a consideration of all the provisions of the will taken together, rather than detached portions of any particular form of words. Sorrels vs. McNally, 89 Fla. 457, 105 So. 106; Russ vs. Russ, 9 Fla. 105, 132, and 145; Schouler on Wills, Executors and Administrators (Sixth Edition) Vol. 2, 1144.

A typical application of the rule as thus stated may be found In Re. Garrott's Estate, 249 Pa. 249, 94 Atl. 927, where the court held, that generally under a gift to one's own "next of kin", whether simply or under the statute, the widow takes nothing, nor of course does a surviving husband, for married persons are not "next of kin" to one another but the technical meaning of the words must give way to the obvious intention of the testator that the surviving spouse shall share as next of kin. Under our statute of descent, (Section 3618 Revised General Statutes of 1920, Section 5483 Compiled Laws of Florida of 1927) the surviving spouse takes with the children.

The will under review provided a life interest in the

income of the trust estate for his widow. Pursuant to her right under the law (Section 3632 Revised General Statutes of 1920, Section 5496 Compiled General Laws of 1927) she elected to renounce that provision in her behalf and to take in lieu thereof a child's part. Having taken this step, the life estate or life interest was terminated, the widow was in the terms of the will, "dead", and the time for distribution of the remainder to the "next of kin" had matured.

The "death" of the wife being the time designated in the will for the distribution of the remainder to the "next of kin" and that time having arrived we are confronted with the question of whether the will contemplated that such distribution be to the "next of kin" existent at the death of the testator or to those existent at the "death" of the wife and the termination of the life estate. The determination of this question is important here because Malachi McAllister Clark, the sole surviving half brother having survived the testator died prior to the termination of the life estate. If the testator's "next of kin" is determined as of the date of the termination of the life estate, then the nephews and nieces of the whole and half blood being in the same degree of relationship to the testator will share alike but on the other hand if his "next of kin" is determined as of the date of his death, in that event they, the "next of kin", will be of different degrees of relationship to the testator and the half brother will take per capita while the nephews and nieces being the more remote class will take per stirpes or by Stocks. Broward vs. Broward, 96 Fla. 131, 117 So. 691.

It is a well settled general rule of construction that a devise or bequest to "heirs", "heirs at law" or "next of kin" will be construed as referring to those who are such at the time of the testator's decease unless a different intent is plainly manifested by the will and that if such

an intent is manifested, it will prevail. Abbott vs. Bradstreet, 3 Allen (Mass.) 587. Whall vs. Converse, 146 Mass. 345, 15 N. E. 660, 28 R. C. L. 234.

The Chancellor below applied this general rule and held that the testator's "next of kin" should be determined as of the date of his death and that Malachi McAllister Clark, a brother of the half blood, being the sole surviving "next of kin" to the testator at that time, was entitled to take the entire fund held for distribution by the trustee. In the absence of expressions in the will and circumstances attributable to it to the contrary this construction would have been correct as the "next of kin" generally refers to the nearest blood relations but does not include a brother's wife, neither does it include nephews and nieces, children of a deceased brother along with or to the exclusion of surviving brothers. Galloway vs. Babb, 77 N. H. 259, 90 Atl. 968; Bailey vs. Smith, 222 Mass. 600, 111 N. E. 684; 28 R. C. L. 254.

We think the Chancellor was in error because the terms of the will, when considered in connection with the facts affecting it, show a different intent on the part of the testator, and this is true whether the words "next of kin" had reference to those living at the death of the testator or those living at the time of the termination of the life estate.

Both at the time of the execution of the will and at his death, the testator's near relations were his brother of the half blood and his nephews and nieces of the full and half blood, most of whom lived in the State of South Carolina. The will among other things required that at the death of the wife, the trustees proceed as soon as the interest of the estate will permit to convert all the assets of the estate into cash and to divide the same "*between* my next of kin, *share* and *share alike*". The will further requires the trustees to make annually a full and complete statement showing the amount of money on

hand, a full inventory of the trust estate with a detail of all receipts and disbursements during the preceding year, said statement to be kept on file at all times in the office of the trustee subject to inspection at any reasonable time by *any beneficiary* under the will, *his* or *her* guardian, or duly authorized agent or attorney. The trustee is also required at the request of any of said beneficiaries at all reasonable times to exhibit to them the securities held by it.

In requiring the trustee to convert the trust estate into cash and to divide the same between his "next of kin", share and share alike, the will shows clearly that the testator had in mind more than the person of his half brother as his "next of kin". In requiring that the annual statement of the funds, the inventory of the trust estate, and the statement of receipts and disbursements for the preceding years be kept subject to inspection at all times by any beneficiary under the will, his or her guardian or duly authorized agent or attorney, the testator shows that he had in mind a plurality of persons of both masculine and feminine gender as his "next of kin". If the testator had in mind only his brother of the half blood as his "next of kin" the reasonable, natural, condition of his devise would have been to require the trustee to turn over the remainder to the half brother on the death of the life tenant. The requirement to sell and distribute would have been useless and futile.

For these reasons we think the conclusion cannot be escaped that when the testator made his will, he was thinking of all his relations referred to herein as his "next of kin" and not merely of his half brother, Malachi McAllister Clark. We think further that he intended the distribution among his "next of kin" to have reference to those answering to this class at the termination of the life estate, because, under the terms of the will, the distribution is effective on this date, no prefer-

ence was shown to the half brother who was the only near blood relation living at the time the will was made and the trust estate created was to continue during the life of the wife of the testator. Most of the beneficiaries lived in a foreign state and all were strangers to the testator, none of whom had any special claim on his bounty. The following cases present facts very similar to and support this view. Delaney vs. McCormic, 25 Hun. (N. Y.) 574, 576. Fargo vs. Miller, 150 Mass. 225, 22 N. E. 1003, 1004, 5 L. R. A. 690.

The record discloses that at the time of the termination of the life estate, the next of kin of the testator consisted of eight nephews of the full blood and twenty-three nephews and nieces of the half blood, his half brother, Malachi McAllister Clark having predeceased this date. Appellants contend that the "next of kin" of the testator included only the nephews of the full blood and had no reference to the nephews and nieces of the half blood.

Under the early common law, the half blood were not entitled to inherit but the common law rule has never met with favor in this country. Statutory provisions regulating descent are generally construed to include brothers and sisters of the half blood unless a contrary intention is shown in the statute. Ector vs. Grant, 112 Ga. 557, 37 S. E. 984, 53 L. R. A. 723; In re Smith's Estate, 131 Cal. 433, 63 Pac. 729, 82 A. S. R. 358; Anderson vs. Bell, 140 Ind. 375, 39 N. E. 735, 29 L. R. A. 541 and note; Stockton vs. Frazier, 81 Ohio St. 227, 90 N. E. 168, 26 L. R. A. (N. S.) 603 and note, 9 R. C. L. 33.

Section 3622 Revised General Statutes of 1920 (Section 5486 Compiled General Laws of 1927) regulates inheritances by the half blood in certain cases, Estes vs. Nicholson, 39 Fla. 759, 23 So. 490, but that statute has no application in this case. It applies only in cases where all the inheritors on the same side are of the half blood only.

We therefore conclude that the "next of kin" of the

testator, Jeremiah T. Clark, should under the terms of his will be determined as of the date of the termination of the life estate, that at this time his "next of kin" consisted of nephews and nieces of the whole blood and the half blood and that all of them being in the same degree of relationship to the testator should take per capita or share equally in the distribution of the remainder. Broward vs. Broward, 96 Fla. 131, 117 So. 691.

Reversed.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

---

ON REHEARING.

WHITFIELD, P.J.—The will of Jeremiah T. Clark appoints an "executor and trustee", directs payment of debts and legacies, and provides that:

"after paying all my just debts and funeral expenses and carrying out the bequests to my wife, all the rest and residue of my estate, real, personal and mixes, wheresoever the same may be situate, of which I may die seized and possesses, I give, devise and bequest unto First Savings and Trust Company of Tampa, to be held by it, in trust nevertheless, for the following uses and purposes, to-wit:

1. My trustee at the time of my death shall take immediate possession, management and control of the trust estate hereby created and collect all rents, issues, profits, dividends, interest or other income arising therefrom; * * * and shall pay the net income arising therefrom to my beloved wife so long as she may live, said payments to be made to her quarterly.

2. Upon the death of my wife I direct my trustees to convert all of the trust estate remaining in its hands into cash, as soon as the same can be conveniently done to the best interest of the trust estate, and to divide the same between my next of kin, share and share alike.

* * * * * * * * * * *

My trustees shall annually \* \* \* make \* \* \* a statement showing in detail all receipts and disbursements made during the preceding year. These statements shall be kept on file at all times in the office of my trustee and be open for inspection at all reasonable times by any beneficiary under this will, his or her guardian or duly authorized agent or attorney. Said trustee shall also upon request of any of said persons at all reasonable times, exhibit to said persons the securities so held by it.''

One half-brother and children of one deceased half-brother, of one deceased sister, of one deceased brother, and of three deceased half-sisters, survived the testator and were his nearest blood relations. Three whole brothers of the testator died before the death of the testator. They left no children or descendants.

The statutes provide that a widow may dissent to any provision made for her in her deceased husband's will and take in lieu thereof dower or a child's part in the testator's estate, Sections 5495 (3629) et seq., Compiled General Laws, 1927; and that whenever any person having title to property shall die intestate as to such property

"it shall descend in parcenary to the male and female kindred in the following course:" Where there are no descendants and no husband or wife who has a right to inherit, and, "If there be no father and mother, then to the brothers and sisters, and their descendants, or such of them as may be." Section 5483 (3618) Compiled General Laws, 1927.

The statutes also make provisions as to inheritances by collateral relatives of the half blood as to inheritances *per capita* and *per stripes*. Section 5486 (3623) Compiled General Laws 1927. Where brothers and sisters would inherit and the decedent is survived by one or more brothers and sisters and by children of deceased brothers and sisters, under the statute the surviving brothers and sisters would inherit one share each of the decedent's property, and the children of each deceased brother and

sister would inherit equally among themselves the shares respectively of their deceased parent. Section 5487 (3623) Compiled General Laws, 1927; Broward v. Broward, 96 Fla. 131, 117 So. 691. Testators are presumed to know the law relative to the making and effect of wills.

Under the law the widow elected to take a child's part in lieu of dower and in lieu of the devise to her for her life, and such election has relation to the testator's death when the will became effective, therefore no life interest rested in the widow under the will. After the widow receives a child's part, under the law the residue of the trust property is under the will to be divided "between" the testator's "next of kin". This is interpreted to mean those blood relations who under the law would, in the absence of a devise of the property, take it as heirs of the testator. Such "next of kin" should be determined as of the date of the testator's death, the will not definitely providing otherwise. There was no life interest to effect the time for dividing the trust estate after the widow under the law elected to take a child's part in lieu of the life interest devised to her.

The specific provisions of the will that the residuary devise shall be divided "between" the testator's "next of kin", "share and share alike," and the reference to "persons" as beneficiaries and to "any beneficiary * * * his or her guardian," considered in connection with other provisions of the will, and with the fact that there was a minor nephew age fourteen of the testator, indicate that if the testator's living brother survived him, it was not the intent of the testator that such brother should be the sole beneficiary of the trust property after the widow's interest is satisfied; therefore, the testator must have intended by the use of the words "my next of kin", that after his widow's rights under the will or under the law are satisfied, the residue of the trust property shall go to those of his blood relatives who would inherit from him

under the law, such relatives being at the testator's death, one half brother and the children of the deceased half brother and deceased whole and half sisters.

It was doubtless the testator's intent to prevent discrimination between his relatives of the whole and half blood; but the will does not indicate an intent that the testator's brother if living at the testator's death, should be the sole beneficiary of the residuary devise or that he should share equally with the testator's nephew and nieces. The testator being survived by a brother, under the law of inheritances the nephews and nieces would take *per stripes* or the shares of their deceased parents respectively; and the words "next of kin" as used in the will have reference to blood relatives who would inherit from the testator under the statute.

The words "share and share alike" as used in the will should be given appropriate effect, and such words were apparently used to prevent statutory or other discrimination between relatives of the half blood and those of the whole blood, but not to give the testator's brother only an equal share with his nephews and nieces; moreover, as the testator was survived by a brother and by nieces and nephews the testator's intent as shown by the will is that his nephews and nieces take *per stripes* or the shares of their deceased parents respectively, and as the deceased brother and sisters did not leave the same number of children, the nieces and nephews do not take equal shares, therefore, it could not have been intended that the testator's surviving brother should take "share and share alike" with his nephews and nieces.

The conclusion is that under the will as construed, the surviving brother and the children of the testator's deceased brother and sisters are his next of kin; and that a seventh part of the residue of the trust property, after the widow's elected child's part is satisfied, goes to those entitled to receive the share of the brother who sur-

vived the testator but has since died; and that each of the other six-sevenths parts goes in equal shares *per stripes* to the children respectively of the testator's six brothers and sisters who died before the death of the testator leaving children.

The opinion heretofore filed is modified, the decree appealed from is reversed and the cause is remanded for appropriate proceedings in accord with this opinion.

Reversed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.