SEBRING, Justice.
This appeal involves the propriety of an order of the Circuit Court for Volusia County, Florida, affirming an order of the county judge of Volusia County dismissing a petition for the removal of a guardian of the property and persons of two minor children.
As appears from the record, the mother of the minor children, Jean E. Hughes, was divorced from the father, Dewey C. Hughes, on June 14, 1950, and the care, custody and control of the children were awarded to the mother, until the further order of the court. Subsequently, the parties entered into a written agreement wherein it was stipulated that because the mother was not then “situated in such a manner as to properly and adequately supervise, care for and control said children” a modification of the divorce decree should be entered awarding the children to the father with the full right of visitation by the mother. The Circuit Court for Putnam *475 County, the court wherein the divorce decree had been obtained, honored this agreement and entered a modification decree awarding the care, custody and control of the minor children to the father, with the right of visitation by the mother, until the further order of the court.
Dewey C. Hughes, the father of the minor children, died on June 20, 1951, at Jacksonville, Florida. On July 23, 1951, the appellee, Eva L. Bunker, a resident of Ohio, filed her sworn petition in the County Judge’s Court of Volusia County for appointment as guardian of the person and property of the minor children. In her petition she averred that she and the children were residents of Ohio, and that it would be for their best interests that petitioner be appointed as guardian, “for that the mother of said children has been divorced from the father of said children and has relinquished all rights to the care and custody of the children, who are in need of a mother’s care.” She alleged, further, that the minor children “will become owners of real and personal property of the value of $10,000.00 under the Last Will and Testament of Dewey C. Hughes, their father, who died June 20, 1951, and whose will has been probated in [the County Judge’s Court of Volusia County].” She did not set up in her petition the name or address of the mother, or allege in lieu thereof that reasonable search had been made and that such information could not be obtained without delay which would adversely affect the incompetents named in the petition or their property, as required by section 744.-30, Florida Statutes 1951, F.S.A.
On the day the petition was presented, the County Judge’s Court of Volusia County entered an order appointing the petitioner guardian of the persons and property of the minor children. The order was entered solely on the sworn petition, without notice to the mother and without the submission of evidence in support of the allegations.
On January 19, 1953, the mother of the minor children, who was still a resident of Florida, filed her sworn petition in the County Judge’s Court of Volusia County to set aside the guardianship and to gain the care, custody and control of her minor children. In her petition she set up the facts already recited and alleged that the averment contained in Eva L. Bunker’s original petition for guardianship to the effect that she, the mother, had “relinquished all rights to the care and custody of the children” was false and without foundation in fact. She also alleged that she, the mother, was now “able and willing to provide the said minor children with a proper home * * * to rear them in a proper manner, and to give them the love and affection of a mother that they need and are entitled to have.” She alleged, further, that the order of the county judge’s court appointing Eva L. Bunker guardian of the minor children was without authority in law, because (1) the mother was never given notice of the guardianship proceedings, and (2) at the time of the entry of the order the custody, control and care of the minor children was within the jurisdiction of the Circuit Court for Putnam County, Florida, the court wherein the modification order was entered in the divorce proceedings granting custody of the minor children to the father, until the further order of the court.
In due course the guardian filed her sworn answer, in which she moved that the petition be dismissed, upon the grounds that “petitioner Jean E. Hughes is not a proper person to have the custody,” and “has by her laches estopped herself from claiming the same,” and that “said petitioner did not, based upon her past record, rear said minor children in a proper manner, since she has for more than two years last past abandoned said children;” that “said petitioner knew of her own knowledge of the appointment of the undersigned as Guardian for said minor children, for that she had communicated with the undersigned relative to the care of the children, but has not until now made any effort either to see them or to obtain their custody;” and “that said minors presently live in a happy and wholesome atmosphere, with their cousins who are of like age, and that *476 a disturbance of the status quo would be disadvantageous to * * * their health and morale.”
When the cause came on for hearing on the petition and answer the county judge, upon these pleadings and without the submission of evidence, entered an order dismissing the mother’s petition for revocation; basing the order upon a finding “that at the time of the appointment of the guardian * * * the father had recently died; and that the petitioner, Jean E. Hughes, knew of the whereabouts of these minors * * * and * * * did not come forward at that time to aid and assist these minors or to do anything toward taking care of them * * * that the appointed guardian originally is a fit and proper person to have the care and custody of these children; and that such situation has not changed.”
The order dismissing the petition for revocation was affirmed upon appeal to the Circuit Court for Volusia County, and the affirmance order of the circuit court is now before us for review.
All matters pertaining to guardians and wards and the property of such wards are governed by the provisions of the Florida Guardianship Law which became effective on January 1, 1946. Under this law the county judge is authorized to appoint a guardian “of the person or of the property, or of both, of an incompetent;” section 744.06(b), Florida Statutes 1951, F.S.A. —an incompetent being defined as “any person who, because of minority * * * is incapable of either managing his property or caring for himself, or both.” Section 744.03(5), Florida Statutes 1951, F.S.A.
As to the procedure that must be followed in the appointment of a guardian the law provides that “Every petition for the appointment of a guardian * * * shall contain statements, to the best of petitioner’s knowledge and belief, showing the name, age, residence and post-office address of the alleged incompetent * * * the residence and post-office address of the petitioner, the names and addresses of the persons most closely related to the incompetent, or averments showing that reasonable search has been made and that such information cannot be ascertained without delay which would adversely affect the incompetent named in the petition, or his property.” Section 744.30, Florida Statutes 1951, F.S.A. It also provides-, that “when the petition alleges that the nature of the incapacity is minority, if the petitioner is not the parent and if the parents * * * are living, reasonable notice of the hearing shall be given to them.” Section 744.33(1), Florida Statutes 1951, F.S.A. It provides, further, that “Upon the day fixed for the hearing on the petition for the appointment of a guardian, the county judge shall hear the evidence on the question of the competency of the person who is the subject of the hearing * * * [and] may hear testimony * * * as to who is entitled to preference in the appointment as guardian. Any person interested may intervene in such proceedings with leave of the county judge.” Section 744.34(1), Florida Statutes 1951, F.S.A. Finally, it provides, so far as is material here, that “In the appointment of a guardian the county judge shall give due consideration to the appointment of one of the next of kin of said incompetent who is a fit and proper person and qualified to act * * *. The county judge may in his discretion appoint any person who is qualified to act as guardian, whether related to the ward or not.” Section 744.35, Florida Statutes 1951, F.S.A.
It is apparent from the record that the procedural requirements of the statutes were not observed in the appointment of Eva L. Bunker as guardian of the minor children of Jean E. Flughes. For not only did the petition fail to give the name and address of the mother of the minor children or allege an excuse for failure to do so, but the petitioner failed to give notice of the hearing on the petition, and thereby afford to the mother, who was the “next of kin,” Lowrimore v. First Savings & Trust Co. of Tampa, 102 Fla. 740, 140 So. 887, 891, an opportunity to appear before the county judge and be heard “on the question as to who is entitled to preference in the appointment as guardian.”
*477 Upon the facts appearing in the record before the circuit court on appeal it would seem that the order appointing the guardian was entirely inoperative as to the mother because it was entered in a proceeding as to which she was entitled to, but was not given, notice as the statute required. Reference is made to the case of In re Wingo’s Guardianship, Fla., 57 So. 2d 883, décided in 1952, since the enactment of Chapter 744, Florida Guardianship Law, as bearing upon the notice requirements under the law:. From an examination of the opinion, however, it would appear that there was no specific ruling on the point or that it was deemed inconsequential under the circumstances of the case because the parent was in fact accorded, upon the petition for revocation, a full hearing on all the pertinent issues. In the present case, we have the view that the circuit court erred in affirming the order of the county judge dismissing the petition of revocation upon the petition and answer, upon the ground of laches, without taking testimony in respect to the issues arising out of the pleadings. Compare In re Arkle’s Estate, 93 Cal.App. 404, 269 P. 689; Bioni v. Haselton, 99 Vt. 453, 134 A. 606; In re Teeters, 173 Wash. 138, 21 P.2d 1032; Reece v. Pure Oil Co., Tex.Civ.App., 48 S.W.2d 440.
From an inspection of the record there appears to be still another reason why the circuit court should not have approved a dismissal of the petition for revocation on the petition and answer of the parties. As has been noted, the entire matter of the appointment of guardians is regulated by the Florida Guardianship Law. With respect to persons who may be appointed guardians of the person or property of incompetents, the law provides that a resident of Florida may be appointed guardian of the person and property of a resident incompetent; section 744.27(1), Florida Statutes 1951, F.S.A., and may be appointed guardian of the property of a non resident incompetent. Section 744.18, Florida Statutes 1951, F.S.A. It also provides that a non resident of Florida may be appointed guardian of the person but not of the .property of a resident incompetent. Section 744.27(2), Florida Statutes 1951, F.S.A. Nowhere in the law, however, is there any authority for the appointment by the county judge of a non resident guardian of a non resident incompetent, either as to his property or his person.
 The sworn petition filed by Eva L. Bunker for appointment as guardian of the minor children involved alleged that she was a resident of Kent, Ohio, whose post office address was R. D. 2, Kent, Ohio, and that the residence and post office address of the minor children was, the same as hers. Accepting these sworn allegations as true, it appears, therefore, that not only was the sworn petition deficient because it failed to set up the name, residence and address of the mother of the children, but it also showed on its face that the petitioner was not entitled to appointment, because she was a non resident petitioner seeking an order of guardianship in the courts of Florida as to incompetents who were also non residents of the state. Consequently there was no authority under law for the appointment of Eva L. Bunker as guardian of the' children, and the order entered on the petition was void on the face of the record. Under these circumstances the mother, who was “next of kin” of the incompetents and was therefore entitled to a preferential right to be considered for appointment as guardian, had standing in court to raise the question of the invalidity of the guardianship proceedings and to attack the validity of the guardianship order that was made in direct violation of the law.
From the conclusions we have reached it follows that the order of affirmance appealed from should be reversed with directions that the order of the. County Judge of Volusia, County be set aside and that further proceedings be had in accordance with .law.
It is so ordered.
ROBERTS, C. J., and TERRELL and ATHEWS, JJ-, concur.