SEBRING,- Justice.
William Wall Grant, as petitioner below, filed his petition under Chapter 747, Florida Statutes 1951, F.S.A., for the appointment of a curator of the property of one Leland L. Odom. In his petition the appellant averred, among other things, that he and the said Leland L. Odom were citizens and residents of Dade County, Florida; that he “is the stepson * * * and * * * the only heir at law * * * and as such * * * the next of kin of the said Leland L. Odom.” The prayer of his petition 'was that after appropriate proceedings had been had pursuant to controlling statutes an order be entered by the- Circuit Court for Dade County declaring the respondent to be incompetent and appointing him, the petitioner, curator of the property of the respondent.
In response to the petition the respondent filed a motion to dismiss the petition, on the ground that “the Petitioner * * * is not related in any way whatsoever to the Respondent, he being the son of [Respondent’s] deceased wife, but was never adopted by your Respondent and that said William Wall Grant is not an heir at law and not the next of kin of your Respondent and is not in any way concerned with the welfare of your Respondent.” The trial court granted the motion and entered an order finding “that the Petitioner is not a relative of the respondent and is not a proper party within the statutes to institute such a proceeding” and that consequently the proceeding should be dismissed.
Thé only question upon this appeal is whether or not the trial court committed error in entering the order dismissing the proceedings upon the ground assigned.
The authority for the appointment of a curator to take charge of, manage and conserve the property of any resident of this state who, for specified reasons, “is unable to take care of his or her property, and in consequence thereof, is liable to dissipate or lose the same, or to become the victim of designing persons,” [§ 747.05], is to be found in Chapter 747, Florida Statutes 1951, F.S.A. Section 747.06 thereof provides that a petition for the purpose shall be filed “by the person for whose property a curator is sought; or by either the father, mother, brother, sister, husband, wife or child or next of kin of such person; and, if any such relative fails to act, then by the sheriff of the county of the domicile or residence of such person * *
We think that the intent of this statute is to place upon the father, mother, brother, sister, husband, wife or child of the alleged incompetent, as members of a pre *289 ferred class, the primary duty and responsibility of instituting proceedings for the appointment of a curator; and, in case there are no relatives in this class, or in the event they fail or refuse to act in a proper case, then to place the duty and responsibility of taking such action upon such relatives as may be next of kin of the incompetent, exclusive of the preferred class — and if the persons in these classes do not act, then to place the duty and responsibility upon the sheriff of the county. That the authority conferred by the statute to institute proceedings is not so much in the nature of a right or privilege as it is a duty and responsibility would seem clear from the stated purpose of the statute; namely, to prevent dissipation of the incompetent’s property or the victimizing of the incompetent by designing persons — and by the further fact that in the event a relative fails to act, the sheriff of the county wherein the alleged incompetent resides is directed to institute the proceedings.
It is conceivable that a stepson of an alleged incompetent may be the next of kin of an incompetent. While the term “next of kin” is sometimes used to refer to “the nearest blood relations of the proposi-tus in equal degree,” Lowrimore v. First Savings & Trust Co. of Tampa, 102 Fla. 740, 140 So. 887, 889, citing Schouler on Wills, 6th ed., Vol. 2, par. 987, we think the term may not be restricted to this narrow meaning when material and relevant statutes indicate that a broader meaning is intended. See Lowrimore v. First Savings & Trust Co. of Tampa, on rehearing, 102 Fla. 740, 140 So. 891; Hughes v. Bunker, Fla., 76 So.2d 474.
In the probate laws of this state, particularly as they apply to the descent and distribution of decedents’ estates, the term “next of kin” has the same meaning as “heir” and “heir at law.” Section 731.03 (8), Florida Statutes 1951, F.S.A. Under the statute of descent and distribution a stepson takes as an “heir” of a decedent and consequently as one of “next of kin” of a decedent in those extremely rare .and virtually nonexistent cases where, because there are not in existence any heirs of the classes prior in preference, the estate descends to “the kindred of the deceased spouse of the intestate in like course as if such deceased spouse had survived the intestate and then died entitled to the estate.” Section 731.23(7), Florida Statutes 1951, F.S.A.
In the challenged petition brought here for review the petitioner alleged that he was “the stepson * * * and * * * only heir at law * * * and as such * * * the next of kin” of the alleged incompetent. The respondent in the motion filed by him traversed this allegation. While on the allegations set up in the petition there was thus presented an issue of fact which should have been decided upon evidence, the trial court denied the petition without requiring an answer, and thus determined, as a matter of law, that under no circumstances could a stepson ever be considered as of “next of kin” of his “stepfather,” under the terms of applicable statutes.
While it may be doubted that the the petitioner will be able to prove that due to the nonexistence of prior preferred heirs he is qualified to institute this proceeding, it is not for us to say that this may not be one of the very exceptional cases in which the petitioner can establish that he is the next of kin of the respondent, within the meaning of the statutes, because of the nonexistence of a father, mother, brother or sister, or collateral heirs who are closer of kin to the respondent than is the petitioner. At any rate, it seems plain that under controlling statutes the petitioner should be given the opportunity to prove his right to institute the proceedings, and if he prevails upon that initial issue, to be heard on the question as to whether or not in view of such issues as may be made by petition and answer, a curator should be appointed to take charge of the property of the respondent. Section 747.08, Florida Statutes 1951, F.S.A.
Accordingly, the order appealed from .is reversed with directions that further pro *290 ceedings be had in accordance with this opinion.
It is so ordered.
ROBERTS, C. J., and HOBSON, MATHEWS and DREW, JJ., concur.
TERRELL and THOMAS, JJ., dissent.