ALLEN, Acting Chief Judge.
Appellant, guardian ad litem for unborn children of Harry Joseph Elliott, brings appeal from an order determining that children of Harry Joseph Elliott not in esse-at the date of the death of Anna Fern Winters could not be considered beneficiaries-under that clause of her will providing:
“THIRD: I give, devise and bequeath all the rest and residue of my real and: personal property, wheresoever situate, in equal shares to the children of my son, HARRY JOSEPH ELLIOTT, the share of any child or children over 18 years of age to be distributed such child or children, and the balance of my estate to be distributed to my son, HARRY JOSEPH ELLIOTT, upon his appointment as legal guardian, for the use and benefit of the remaining minor children until they shall reach the age of 18 years at which time their *283 shares shall be distributed to them as each becomes 18 years of age.”
The deceased testatrix, Anna Fern Winters, executed a will in 1960 bequeathing Iher household furnishings and personal effects to her son, Harry Joseph Elliott, and ■devising and bequeathing the residue of her «estate through the clause above quoted. In .1961, she executed a codicil to the will providing that, in the event she die before Iher husband, James Winters, he should be allowed to occupy her house so long as he ■chose or until his death, and further providing that the household furnishings should remain intact so long as her husband ■occupied the house. The testatrix died in January of 1962, survived by her husband, her son, his seven children and his eighth child en ventre sa mere. None of the children were 18 years of age.
The aforementioned will and codicil were admitted to probate and, upon renunciation "by the designated executor, Harry Joseph Elliott was named Administrator, C.T.A. As the period of administration neared conclusion, he petitioned the court for an ■order determining beneficiaries and, at the same time, petitioned for the appointment ■of guardian ad litem for the children living ■at the death of the testatrix, the minor ■child born after the death of testatrix and any unborn children. Appellant was ■duly appointed as guardian for the youngest child and the unborn children, while Pervie Swann was made guardian for the seven older children.
Thereafter the court entered an order ■determining beneficiaries which provided:
“ * * * that the bequest in the residuary clause of the Last Will and Testament of the deceased is a class ■gift, and the Court finds that it is the testamentary intent that the class be determined at the date of death, and beneficiaries are the * * * children of HARRY JOSEPH ELLIOTT alive at the date of death of the testatrix, * * * [and the] child of HARRY JOSEPH ELLIOTT, in being at the date of death of testatrix and born October 7, 1962, eight months and 17 days after date of death of testatrix, and all eight beneficiaries share equally in said estate.”
Appellant thereupon petitioned for and received leave from the lower court to file appeal in this court as guardian for unborn children of Harry Joseph Elliott.
Appellant and appellee are agreed that the residuary clause above quoted constitutes a class gift and differ only as to the determination of membership in the class. Appellee argues -that membership in the class was determined at the date of death of the testatrix, while appellant argues that membership need be and should be determined only when the first child reaches eighteen or the father’s death precludes further children being born. Appellant urges and relies upon the widely accepted view that, absent a contrary intent, a testamentary gift or devise to a class where possession is postponed until the happening of a designated contingency is viewed as including, as members of the class, all who may come into the class prior to the time the first member is entitled to possession. See 57 Am.Jur., Wills, §§ 1274, 1276 (1948, Supp.1963); Simes & Smith, The Law of Future Interests §§ 643-645 (2nd ed., 1956, Supp.1963); 3 Page, Wills § 1057 (3d (Lifetime) ed., 1941). A variant of this view was recognized, under circumstances precluding its applicability, in Lowrimore v. First Savings & Trust Co. of Tampa, 1931, 102 Fla. 740, 140 So. 887 mod., 102 Fla. 751, 140 So. 891, but we were neither cited nor did we find a case enunciating the view as accepted in this jurisdiction. However, in view of the wide, albeit not universal, acceptance of the view in the numerous cases documented in the cited encyclopedia and treatises, we are persuaded to accept and adopt it and thus to proceed to consideration of its applicability in the instant case.
The most frequent application of the view discussed above is found in cases involving *284 gifts to a class with some intervening estate or gifts to a class with each member taking possession upon reaching a certain age. The instant case potentially involves, by reason of the terms of the residuary clause and the codicil, both of these circumstances. However, the parties to this cause seem agreed that the rights arising from the codicil were neither intended as nor should be treated as affecting the determination of the class created in the will. Under all of the circumstances we must agree and, accordingly, omit from consideration any potential effect the codicil might have had.
Limited then to the words used in the aforequoted residuary clause, we must examine the determination of intent explicit in the lower court’s order. Appellant, negating any contrary intent, insists that the lower court erred and that the will should be construed according to the view discussed earlier. Appellee, however, insists that the intent is quite clear and, in turn, negatives applicability of the rule of construction urged by appellant.
Appellee’s argument, succinctly put, is that the language of present gift and the provision that “the share of any child or children over 18 * * * be distributed. * * * ” (emphasis added) is conclusively indicative of an intent that the distribution be made at death and, necessarily, that determination of aliquot shares be made at the same time. We cannot agree. In our view that language with respect to distribution is as easily indicative of an intent that the residual estate be divided at a time when at least one member of the beneficiary class had attained the age of 18 years. This intent may well have been incident to an anticipation of surviving that day, but the failure of the anticipation does not thwart or effect the intent.
Since the provision of the will, if not explicitly indicating an intent that all of Elliott’s children born before the eldest reaches 18 years be members of the beneficiary class, certainly indicates no contrary intent, we are constrained to adopt the rule of construction traditionally applicable and to assess as error the departure from this rule in the lower court. Determining then, in the absence of an expression of contrary intent that the residuary clause of the will should be construed in accordance with the view that the class of beneficiaries need be closed only when one member’s reaching the age of eighteen necessitates distribution and convinced that this construction best serves the intent of the testatrix, we must reverse the order appealed and remand the cause for entry of an order consistent with the views hereinbefore enunciated.
Reversed and remanded with directions.
SHANNON, J., and HODGES, JOHN G., Associate Judge, concur.