SWANN, Judge.
The appellants, Ulises Vazquez and Manuel Franco, plaintiffs below, sued the defendant, Danilo Goodrich, alleging, inter alia, that on or about October 26, 1965, they paid the total consideration for the thirty-eight foot cruiser, Linda Lee, but for reasons not important to this opinion placed title of the boat in the name of the defendant, Goodrich. They alleged that he had taken possession of and concealed the vessel from them for several months and that although demand had been made for a return of the vessel and a conveyance of title, he had refused these demands. Plaintiffs prayed for a decree requiring the defendant, Goodrich, to convey title to the boat and for damages resulting from his wrongful actions.
The defendant, Goodrich, answered, denying every allegation in the complaint and affirmatively alleging that title to the vessel was, at all times material, lawfully in his name. He also filed a counterclaim alleging that the plaintiffs, on or about October 26, 1965, had acquired lawful title and possession to the “Linda Lee” but then claimed that the plaintiffs had wrongfully and unlawfully seized the vessel and deprived the defendant of its possession, and prayed that *55 the full use and possession of the boat be restored to him and for damages in excess of $5,000, compensatory and punitive, resulting from the plaintiffs’ wrongful conversion of the boat.
After final hearing on the issue the court below entered its order which required, inter alia, the defendant, Goodrich, to convey title to the boat, “Linda Lee,” to the plaintiffs, but ordered them to pay Goodrich and his attorneys the sum of $1,250 as reasonable value of services and costs incurred by him. Plaintiffs have appealed from that order and assert as error the award of $1,250 as damages to Goodrich, by the court below.
The court, in making the award, said that it was “setting down the sum of $1,250 that Goodrich was entitled to for recompense and services rendered, including legal services, work loss, repairs, expenses during this hurricane, and otherwise.”
The defendant’s counterclaim never alleged, nor prayed for recompense for legal services. Generally, attorneys’ fees are not recoverable unless provided for by contract, or statute. They may be recovered, however, under certain circumstances, by a trustee who has acted in good faith in defending the trust property. See 33 Fla. Jur.Trusts, § 88 and § 108; West Coast Hospital Ass’n. v. Florida National Bank, Fla.1958, 100 So.2d 807. In such a case, burden of proof is on the trustee to show that the money expended was a proper disbursement. Benbow v. Benbow, 117 Fla. 37, 157 So. 512, 519 (1934). If the trustee fails to keep clear, distinct and accurate accounts, all presumptions are against him and all obscurities and doubts are to be taken adversely to him. Traub v. Traub, Fla.App.1961, 135 So.2d 243.
Here, the defendant, Goodrich, incurred expenses, if any, not in preserving or defending the trust property but in defiance of the trust relationship and in support of his personal claim of the right to the use and possession of the boat. It does not appear that he acted in good faith in incurring expenses, if any, in this manner.
Also, there was no evidence, or testimony, taken concerning the reasonableness of attorneys’ fees. No documentary evidence of payment for services was submitted by Goodrich and certainly no clear, distinct or accurate accounts were introduced by him in support of his claimed expenses. His testimony was vague, uncertain and ambiguous.
Since the record does not contain sufficient, competent and substantial evidence to support the award of $1,250.00 as provided for in Paragraph 5 of the challenged order, we therefore reverse as to this portion of the order.
Affirmed in part, reversed in part.