231 So.2d 809 (1970)
Henry V. JENKINS and Joseph J. Jenkins, Petitioners,
v.
John W. DONAHOO et al., Respondents.
No. 38557.
Supreme Court of Florida.
February 11, 1970.
Rehearing Denied March 17, 1970.
O.O. McCollum, Jr., of Thames & McCollum, Jacksonville, for petitioners.
John W. Donahoo, Jr., of Donahoo, Rogers & O'Bannon, Jacksonville, for John W. Donahoo.
Sam B. Stearns, Jacksonville, guardian ad litem for minor remainder beneficiaries, respondents.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, First District, reported at 224 So.2d 345.
Josephine Jenkins executed her will March 4, 1958, and died September 23, 1960. The will created a testamentary trust *810 directing that the income be paid to her three sons, until the death of the last, and then the principal and undistributed income to be paid to the lineal descendants of the sons. The trust provided:
"The determination of income and principal by the Trustees shall be in accordance with the income and principal statutes of the State of Florida."
The Uniform Principal and Income Act of Florida, § 690.04(1) and 690.06(1) F.S.A.[1], in effect at the time the will was executed and at the time of the testatrix' death, provided:
690.04 "* * * (1) All receipts of * * * dividends on corporate shares payable other than in shares of the corporation itself, * * * shall be deemed income unless otherwise expressly provided in this Act."
690.06 "* * * (1) All dividends on shares of a corporation which form a part of the principal and are payable in the shares of the corporation shall be deemed principal. Subject to the provisions of this section, all dividends payable otherwise than in the shares of the corporation itself, including ordinary and extraordinary dividends payable in shares or other securities or obligations of corporations other than the declaring corporation, shall be deemed income. Where the trustee shall have the option of receiving a dividend either in cash or in the shares of the declaring corporation, it shall be considered as a cash dividend and deemed income, irrespective of the choice made by the trustee."
Eight months after the death of the testatrix, Florida Statute § 690.06, F.S.A., was amended by adding the following proviso:[2]
"* * * [P]rovided however, that all distributions of capital of mutual investment trusts shall be deemed principal irrespective of the choice made by the trustee."
The trustees in January of 1963 invested in mutual funds and from February 19, 1963, to the date of the final judgment below, received some $200,000 in cash dividends which amount was treated as income payable to income beneficiaries and $108,000 in capital gains which amount was allocated to principal. In November of 1966 disagreement arose between the trustees as to the proper allocation of dividends and suit for declaratory judgment was filed.
The trial court ruled:
"There is nothing in the will to indicate that the testatrix intended that Chapter 690.06(1), Florida Statutes, as it existed at the time her will was executed or as it might exist at the time of her death, should be used by the Trustees to determine `income and principal' received from investments in `mutual funds'; and her will is construed to require that `income and principal' be determined by the Statutes of Florida in effect at the time of the receipt by the Trustees of money or stock requiring a determination."
The District Court approved and adopted the opinion of the trial court.
Petitioners, the income beneficiaries of the trust, contend that the decision of the District Court conflicts with prior decisions of this Court and other district courts of appeal and is erroneous. We find jurisdictional conflict exists.[3]
The question is whether the testatrix intended Florida Statute § 690.06, F.S.A., as it existed at the time the will was executed and at her death to control or whether she intended the Act as the Legislature might amend it from time to time in the future to control the testamentary *811 trust she created. The question is not academic. The answer determines allocation of thousands of dollars to either income or principal for the ultimate benefit of either life or residuary beneficiaries of the trust. The result of the decision below favors the residuary beneficiaries of the trust (lineal descendants of the testatrix) over the income beneficiaries (the sons of the testatrix). The testatrix could hardly have anticipated such a result since the Statute referred to in her will as it existed at the time of the will would require allocation of the dividends in question to income.
This Court in West Coast Hospital Ass'n. v. Florida National Bank[4] held:
"Chapter 737, Florida Statutes 1955, F.S.A. [Trust Accounting Law] is inapplicable because the will and codicils of Mrs. Morrow were dated prior to the effective date of such Chapter. Such awards are controlled by the decisions of this Court and applicable general law."
In Estate of Parker[5], the District Court of Appeal, First District recognized:
"[T]he accepted principle that the intent of the testator shall be determined as of the time of the execution of his will, and such intention cannot be altered by the occurrence of subsequent events (in this case the stock split by the corporation), which the testator did not anticipate and over which he had no control."
It is elementary that a testator may provide by will how dividends or other property received by the trustee of a testamentary trust is to be allocated.[6] When questions arise, the intent of the testator controls. This Court in Morgenthaler v. First Atlantic National Bank[7] stated:
"From the beginning this court has undeviatingly held to the view that in construing wills its guide and polar star is the intent of the testator. The cases of this court affirming this proposition are legion. There is no higher duty nor greater responsibility on the courts than that of seeing to it, in proper cases, that the will of the dead is honored. Knowledge in the living that this will be done affords a marked degree of solace and comfort in the afternoon and evening of life. One possessed of his normal faculties, may, during his lifetime dispose of his own possessions as he pleases. He may, if he chooses, drop his wealth to the bottom of the sea and no man can restrain him. Why, then, should he not be allowed so to dispose of his wealth after his death where the manner in which he does so is not unlawful or contrary to the public policy of the State?"
The will in the case before us provides that "the income and principal statutes of Florida" are to control. In the absence of provision to the contrary, the presumption is that the testatrix intended reference to those statutes as they existed at the time the will was executed. Had she provided that the Uniform Act "as it might be amended" controlled, a contrary result would obtain.
We are aware of the authorities from some other states cited by the courts below which hold that an income beneficiary has no vested right to have income determined by a particular formula. These authorities do not involve any expressed intent of the testator that a particular statutory rule control.
*812 The leading case of In re Allis' Will[8] decided by the Wisconsin Supreme Court in 1959, holds that a court-made rule regarding allocation of principal and income could be changed retroactively by Statute. The Wisconsin Court stated the following rule:
"We consider it * * * clear that she [life beneficiary] * * * has no vested property right in the rule with respect to the allocation of corporate stock dividends, which had been established by court decision and was in effect at the time of the death of the testatrix. Therefore, it is our considered judgment that the legislature could change such rule with respect to any stock dividends subsequently declared without violating the due process clause of the Fourteenth Amendment."
Pennsylvania[9] and New Jersey[10] followed suit, upholding the retroactive application of a statute regulating principal-income allocation of dividends where either no statute on the subject had been adopted or where the earlier statute did not cover the situation. Other states have declined to apply the Uniform Principal and Income Act to trusts created prior to adoption of the Act.[11] In some of those states the Act provides it is to apply prospectively only.
The New Hampshire Court receded from its previous holdings on allocation of dividends, adopting the rule of the Uniform Act and declaring its holding not retroactive.[12]
We are not called on in this case to decide whether a statute has retroactively overruled case law regulating the allocation of principal and income of a trust created before the statute. A statute regulating principal-income allocation of dividends was in effect, and referred to by the testatrix in creating the trust. The amendment of that statute subsequent to the testatrix' death, therefore, has no bearing on Jenkins' trust.
The right of trust beneficiaries to benefits in accord with the testator's lawful direction is basic. Only changes in the statutory laws not affecting substantial rights and not contrary to the expressed intent of the testator may be applied retroactively.
Petitioners also seek review of the District Court's affirmance of an award of attorney's fees for legal work done in behalf of the trust. We find no reversible error in this regard.
Accordingly, certiorari is granted. The decision of the District Court is affirmed in part and quashed in part and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ERVIN, C.J., and DREW, THORNAL and CARLTON, JJ., concur.
NOTES
[1] Chapter 18392, §§ 3 and 5, Laws of Florida 1937.
[2] Chapter 61-72, Laws of Florida 1961.
[3] West Coast Hospital Association v. Florida National Bank, 100 So.2d 807 (Fla. 1958).
[4] Id. at 810.
[5] 110 So.2d 498, 502 (Fla.App.1st) Certiorari denied, 114 So.2d 3 (Fla. 1959).
[6] Florida Statute § 690.03, F.S.A
[7] 80 So.2d 446, 452, 54 A.L.R.2d 353 (Fla. 1955).
[8] 6 Wis.2d 1, 94 N.W.2d 226 (1954); 69 A.L.R.2d 1128 (1960).
[9] In re Catherwood's Trust, 405 Pa. 61, 173 A.2d 86 (1961).
[10] In re Arens, 41 N.J. 364, 197 A.2d 1 (1964).
[11] Marks v. Brightwell, 269 Ala. 506, 114 So.2d 268 (1959); Lindau v. Community Fund of Baltimore, 188 Md. 474, 53 A.2d 409 (1947); Balsam's Estate, 58 Misc.2d 672, 296 N.Y.S.2d 969 (1968); Estate of Valiquette, 122 Vt. 350, 173 A.2d 832, 839 (1961).
[12] Langdell v. Dodge, 100 N.H. 118, 122 A.2d 529 (1956).