462 So.2d 1122 (1984)
Marjorie D. SHRINER and Cynthia A. Enright, Appellants,
v.
Thomas E. DYER, As Co-Trustee of the Msd Trust, and Individually; and Shirley Dunaway, As Co-Trustee of the Msd Trust; and Eleanor J. Hartstone, As Personal Representative of the Estate of H. Nelson Hartstone, Deceased, Appellees.
Shirley DUNAWAY, As Co-Trustee of the Msd Trust, Appellant,
v.
Marjorie D. SHRINER, Cynthia A. Enright, Thomas E. Dyer, As Co-Trustee of the Msd Trust, and Individually, and Eleanor J. Hartstone, As Personal Representative of the Estate of H. Nelson Hartstone, Deceased, Appellees.
Nos. 83-75, 83-144.
District Court of Appeal of Florida, Fourth District.
February 15, 1984.
As Corrected on Rehearing August 1, 1984.
*1123 Melinda Penney Gamot of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for Shriner and Enright.
C. Robert Burns of Steel, Hector, Davis, Burns & Middleton, Palm Beach, for Thomas E. Dyer, individually, and Shirley Dunaway, as successor co-trustee of the MSD Trust.
DELL, Judge.
The beneficiaries of the "MSD Trust" appeal from the amended partial summary judgment and the amended final judgment denying them legal and equitable relief for alleged trust mismanagement. Shirley Dunaway, as successor co-trustee of the MSD Trust, appeals from the post-judgment order removing her as trustee. This court consolidated the appeals.
During her lifetime, Mildred S. Dyer established the MSD Trust. The trust named Mrs. Dyer's two daughters, Marjorie Shriner and Cynthia Enright, as beneficiaries. The trust named Mrs. Dyer's son, Thomas Dyer, and H. Nelson Hartstone, as co-trustees.
Several years after Mildred Dyer died, the beneficiaries brought suit to declare the trust void and to recover a surcharge against Thomas Dyer and H. Nelson Hartstone for alleged trust mismanagement. The complaint failed, however, to name Dyer and Hartstone in their capacities as trustees. The court found the evidence insufficient to make a monetary award and denied the beneficiaries any surcharge against Dyer and Hartstone in their individual capacities. However, the final judgment stated that the judge found "in favor of the defendants and against the plaintiffs ... without prejudice to the plaintiffs to pursue such equitable remedies that are available to them as a cestui que trust against the defendants as trustees under the trust."
The beneficiaries subsequently filed another action against Dyer and Hartstone as individuals, but also named them in their capacities as trustees. Before the case came to trial, Hartstone died. Shirley Dunaway replaced Hartstone as co-trustee of the MSD Trust. The beneficiaries filed a second amended complaint adding Shirley Dunaway and the Estate of Hartstone as defendants. The amended complaint contained two counts. Count I sounded in equity against the trustees. Under Count II, the beneficiaries requested a surcharge against Dyer individually and against the Estate of Hartstone.
On the first day of trial the court granted a partial summary judgment against the beneficiaries. Since the initial action sought to recover a surcharge against Dyer and Hartstone in their individual capacities, the court held that the doctrine of res judicata barred the beneficiaries from trying again to prove they sustained money damages before September 12, 1980 (the last day of the initial trial). After trial on the merits, the court entered an amended final judgment which found that no credible evidence existed to merit a surcharge against Dyer individually or against the Estate of Hartstone for the period from September 12, 1980 forward. The court also found that the evidence did not warrant Shirley Dunaway's removal.
About one month after the court entered its judgment, the beneficiaries again sought to remove and replace Shirley Dunaway. Based on their petition and the evidence submitted, the trial court then determined Shirley Dunaway should be removed and entered its order granting the beneficiaries' petition. Shirley Dunaway appeals from this order. Based on the record before us, we find the trial court properly removed Shirley Dunaway and thus turn our discussion to the points raised by the beneficiaries.
*1124 The beneficiaries raise several points on appeal. Three points merit discussion, two require reversal.
Initially, the beneficiaries contend the trial court erred by granting a partial summary judgment on the basis of res judicata. We disagree. The four identities required before res judicata applies include:
(1) identity in the thing sued for;
(2) identity of the cause of action;
(3) identity of the persons and parties to the actions; and
(4) identity of the quality or capacity of the person for or against whom the claim is made.
Seaboard Coast Line Railroad v. Industrial Contracting Co., 260 So.2d 860, 862 (Fla. 4th DCA 1972).
Under Count II of the amended complaint, the beneficiaries requested a surcharge of money damages against Dyer and Hartstone in their individual capacities. First, the beneficiaries seek money damages, which they also sued for in the previous action. Second, Count II contains a cause of action at law for damages resulting from the mismanagement of a trust, also contained in the previous action. Third, since Dyer and Hartstone are sued under Count II in their individual capacities, as they were sued in the previous action, there is an identity of parties and an identity of the capacities of the parties. Thus, the four requisite elements are met. We therefore hold the trial court properly applied the doctrine of res judicata to bar any recovery of money damages for the period of time ending September 12, 1980.
Next, the beneficiaries contend the trial court erred by denying a surcharge against Dyer and Hartstone individually for money damages suffered after September 12, 1980. Specifically, the beneficiaries alleged that after September 12, 1980, Dyer and Hartstone improperly paid from the trust funds the sum of $58,000 for attorney's fees incurred for their individual defenses of the previous action.
Since Dyer and Hartstone defended against individual liability for trust mismanagement in the previous action, their personal interests conflicted with their position as trustees. Section 737.403(2), Florida Statutes (1983) provides that when "the duty of the trustee and his individual interest ... conflict in the exercise of a trust power, the power may be exercised only by court authorization, ... ." Dyer and Hartstone should have obtained court approval before exercising their trustee power to use trust funds to pay their attorney's fees. Therefore, we hold that the unilateral payment of attorney's fees without court approval constitutes an improper payment out of trust funds. Accordingly, we reverse that portion of the judgment which denied the surcharge against Dyer and Hartstone individually and remand to the trial court to enter an order consistent herewith.
Finally, the beneficiaries assert an entitlement to an award of attorney's fees from the funds being brought back into the trust. Attorney's fees may be recovered when provided by statute; when provided by contract; or under the common fund rule. Fidelity and Casualty Co. of New York v. O'Shea, 397 So.2d 1196 (Fla. 2d DCA 1981); Estate of Hampton v. Fair-child-Florida Construction Co., 341 So.2d 759 (Fla. 1976). The common fund rule serves to award attorney's fees "from a fund or estate which has been benefitted by the rendering of legal services." Estate of Hampton, 341 So.2d at 761. As a result of the beneficiaries' efforts in this case, they will succeed in increasing the trust estate by approximately $58,000. We therefore find the common fund rule applicable and remand this cause to the trial court to make an award of attorney's fees to the beneficiaries from the recovered assets.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
ANSTEAD, C.J., and HERSEY, J., concur.