KLEIN, J.
The decedent executed a testamentary trust in 1967 which provided that, if certain events occurred, the proceeds of the trust would go to his deceased children’s heirs at law. This provision became effective in 2003 when decedent’s wife died; however, in the interim the statutory definition of heirs at law changed. We conclude that the trust property should be distributed to the heirs as defined in 1967.
In 1967, decedent, William J. Lamping, Sr., executed a will which created a testamentary trust naming his wife, Grace, as life tenant until her death or remarriage. At that time the trust was to terminate, and the corpus distributed to their two children, William and Carol. The two children, however, predeceased Grace, who lived until 2003. The following provision of the trust then governed:
In the event that both my named children shall not be living at the time of my wife’s death or re-marriage, and thus be not living at the time designated for the termination of this trust, then in that event, I direct that the proceeds be distributed to my deceased children’s heirs at law.
The decedent’s son William had died in 1984 while married to his second wife, Caroline, who is the appellant. William had six children from his first marriage and two with Caroline.
In 1967, when the trust was executed, heirs at law were determined by our intestacy statute which divided the estate into equal shares, with a spouse receiving the same amount as each child. § 731.23, Fla. Stat. (1967). After the testator’s death, however, and before decedent’s son died in 1984, our intestacy statute was amended to provide that a surviving spouse of a person who died intestate with lineal descendants who are not descendants of the surviving spouse would receive one-half of the intes *554 tate estate. § 732.102(l)(e), Fla. Stat. (1983). A similarly situated surviving spouse would receive the same one-half share in 2003, when the decedent’s surviving spouse died. § 732.102(3), Fla. Stat. (2003).
The trial court held that the law in effect in 1967 applied, based on Jenkins v. Donahoo, 231 So.2d 809 (Fla.1970). In Jenkins, the will created a testamentary trust directing that income be paid to the testator’s three sons, until the death of the last son, and then principal and undistributed income to the lineal descendents of the sons. The trust further provided that the determination of income and principal would be in accordance with Florida’s income and principal statutes. When the trust was created, and when the settlor died, the statutes provided that corporate dividends were income. Sometime after the settlor died the statute was changed, and that made a difference as to what the income beneficiaries of the trust would receive. The Florida Supreme Court, relying on cases holding that the intent of the testator controls, stated:
The will in the case before us provides that ‘the income and principal statutes of Florida’ are to control. In the absence of provision to the contrary, the presumption is that the testatrix intended reference to those statutes as they existed at the time the will was executed. Had she provided that the Uniform Act ‘as it might be amended’ controlled, a contrary result would obtain.
Jenkins, 231 So.2d at 811. Under Jenkins the presumption in the present case is that the testator intended that the term “heirs at law” be construed under the statutes in existence at the time the trust was executed. We accordingly affirm the trial court’s application of the 1967 statute.[1]
Although the trial court correctly held that the statutory definition of heirs at law in 1967 would control, the court concluded that the term meant only blood relatives and not spouses such as the appellant. Section 731.23(1), Florida Statutes (1967), however, provided that the property of an intestate shall be distributed “to the, surviving spouse and lineal descendants, their surviving spouse taking the same as if he or she were one of the children.” The trial court was persuaded that a spouse was not an heir at law, despite our intestate succession statute, because another statute, section 731.03(8), Florida Statutes (1967) provided that “heir” and “heir at law” have the same meaning as “next of kin.” The trial court reasoned that “next of kin” means a blood relative which would exclude a surviving spouse.
The trial court’s conclusion that the term “next of kin” would be limited to blood relatives is not correct. Grant v. Odom, 76 So.2d 287 (Fla.1954) (stepson held to be within meaning of next of kin). Even if there were a conflict, the intestate succession statute would control because it is more specifically applicable to intestate succession than the statute providing that “heir at law” has the same meaning as “next of kin”. McKendry v. State, 641 So.2d 45 (Fla.1994) (specific statute controls over general statute where they are in conflict).
We therefore conclude that appellant is an heir at law under the 1967 version of *555 our intestate succession statute and inherits the same amount as each child.

Affirmed in part and reversed in part.

WARNER and TAYLOR, JJ., concur.

. We have referred to the statute in effect at the time the trust was executed as controlling because that is what our supreme court did in Jenkins. Which statute would control in the event there was a change between the execution of the instrument and the testator’s death was not involved in Jenkins or in this case.