934 So.2d 544 (2006)
Dana BRIGHAM, individually and as trustee of the Defendant trusts, Patricia Brigham, individually and as successor trustee of the Defendant trusts, the Marion W. Brigham Trust, the EFP Brigham Land Trust No. 1, the Blue Rock Land Trust No. 1, the Seven Mile Ridge Land Trust No. 1, the Rice Road Land Trust No. 1, the Halls Chapel Land Trust No 1., the Cloud Valley Land Trust No. 1, and the Coxes/Jacks Creek Land Trust No. 1, Appellants,
v.
Edward BRIGHAM, Sandra Forbes Beran, Dana Forbes, Robin Forbes and Allen Forbes, Appellees.
No. 3D05-2403.
District Court of Appeal of Florida, Third District.
May 31, 2006.
Williams, Parker, Harrison, Dietz & Getzen and M. Lewis Hall, III and David A. Wallace, Sarasota; Lisa B. Lehner, for appellants.
Kluger, Peretz, Kaplan & Berlin and Bruce A. Katzen, Michael L. Cotzen, Miami, and Leslie P. Sharpe; Michael J. Schlesinger, Miami, for appellees.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.
*545 CORTIÑAS, Judge.
Appellants, Dana Brigham and his wife, Patricia Brigham, in their individual capacities, as well as trustee and successor trustee, respectively, of the Marion Trust (the "trust"), appeal from an order which (1) precluded them from paying their personal attorneys' fees out of the trust in their defense of the underlying lawsuit filed by Appellees, and (2) required them to return to the trust all monies paid from the trust for defense of the underlying litigation. We affirm.
Appellants are the son and daughter-in-law of Marion Brigham (the "settlor"), who created the trust in 1994. Appellees, Sandra Forbes Beran, Dana Forbes, Robin Forbes, and Allen Forbes are the settlor's grandchildren, and Appellee Edward Brigham *546 is the settlor's son. Appellees and Appellants are beneficiaries of the trust.
The settlor died in 2002. In June 2003, Appellees filed a multi-count complaint against Appellants alleging, among other things, undue influence, breach of fiduciary duty, self-dealing, conversion of trust assets, mismanagement of trust assets, intentional interference, fraud, and conspiracy. Appellants were sued in their individual capacities as well as their capacities as trustee and successor trustee.
After receiving an accounting, Appellees discovered that Appellants were using trust funds to pay their legal fees in the underlying litigation. In November 2004, Appellees filed a Motion to Restrict Payment of Attorneys' Fees, arguing that Appellants were prohibited from paying their individual attorneys' fees with the trust funds and without prior Court approval.
On January 18, 2005, the trial court, after a hearing, granted Appellees' motion in part, finding that Appellants were prohibited from paying their individual attorneys' fees with trust funds, and concluding that court approval was necessary to pay litigation expenses out of the trust, as a personal conflict may exist since Appellants were sued in their individual capacities as well as in their trustee roles.
In March 2005, upon motion by Appellants, the trial court appointed a Special Master to assist the court in determining which of the attorneys' fees and costs, already paid by the trust, were for the benefit of Appellants as trustee and successor trustee rather than as individuals.
In June 2005, the Special Master issued his Report and Recommendation, noting that he "does not believe that any of the fees incurred to date can be separated into [Dana Brigham's] individual defense as opposed to [Dana Brigham's] defense as trustee," and recommending that Appellants personally pay all attorneys' fees necessary to defend themselves against the litigation, and return all monies taken out of the trust for payment of attorneys' fees in the underlying litigation.
After a hearing on Appellants' Objection to the Report and Recommendation, the trial court adopted the Report and Recommendation and held that Appellants must pay the attorneys' fees back to the trust and refrain from paying further attorneys' fees and costs with trust assets without court approval.
Appellants argue that, pursuant to the trust instrument, Dana Brigham, as trustee, had absolute discretion over the payment of expenses relating to the trust. Additionally, Appellants maintain that sections 737.402 and 737.2041, Florida Statutes (2003) permit Dana Brigham, in his capacity as trustee, to pay his attorneys' fees using the trust assets. Appellants argue that the Special Master's inability to distinguish and separate claims against Dana Brigham in his individual capacity from claims in his capacity as trustee should not preclude Dana Brigham, in his trust role, from being able to use trust assets to defend himself.
Conversely, Appellees contend that the trust instrument does not permit Appellants to recover attorneys' fees when defending against claims of fraudulent and tortious acts. Appellees also maintain that Appellants violated both section 737.403, Florida Statutes (2003),[1] and the trial court's January 18, 2005 Order when they failed to seek court approval before transferring trust assets to themselves. Finally, *547 Appellees argue that, since Appellants failed to meet their burden of presenting record evidence either to the Special Master or the trial court demonstrating that the attorneys' fees were incurred by them in their capacities as trustee and successor trustee or for the management of the trust, the trial court properly approved the Special Master's recommendations.
We find that the trial court did not abuse its discretion in ordering Appellants to return to the trust all of the money previously paid to them in defense of the underlying litigation and precluding them from using additional trust funds in defending this matter without court approval. Cf. West Coast Hosp. Ass'n v. Florida Nat'l Bank of Jacksonville, 100 So.2d 807, 813 (Fla.1958)(finding that the trial court did not abuse its discretion when it ordered a trustee's attorney's fees to be paid out of the trust estate where the fee was incurred in good faith and related to the management of the trust).
Appellees brought suit against Appellants in their trust roles and as individuals for trust mismanagement. Because Appellants defended against individual liability, their personal interests conflicted with their position as trustees. See Shriner v. Dyer, 462 So.2d 1122, 1124 (Fla. 4th DCA 1984). When a trustee's individual interests conflict with his or her duties to a trust, court approval is necessary before a trustee can use trust funds to pay his or her own attorneys' fees. § 737.403, Fla. Stat. (2003).
In the instant case, the trial court, in its January 18, 2005 Order, correctly found that, because Appellees sued Appellants in their individual capacities, a conflict of interest may exist between Appellants' personal interests and their trust positions. See Shriner, 462 So.2d at 1124. Therefore, pursuant to the trial court's January 18, 2005 Order and section 737.403, court authorization was necessary before Appellants could use trust funds to pay for personal attorneys' fees. See § 737.403, Fla. Stat. (2005). Any unilateral payment of attorneys' fees by Appellants without court approval violates section 737.403 and constitutes an improper withdrawal of trust assets. See Shriner, 462 So.2d at 1124.
Appellants contend that Florida law allows a trustee to recover attorneys' fees if he or she, in good faith, incurs legal expenses related to his or her duties and responsibilities as trustee. See, e.g., Union Nat'l Bank v. Jones, 768 So.2d 1213 (Fla. 4th DCA 2000); Vazquez v. Goodrich, 206 So.2d 54 (Fla. 3d DCA 1968). However, in order to establish that the attorneys' fees were properly incurred, the burden is on the trustee to produce sufficient evidence demonstrating that the attorneys' fees paid out of the trust were spent for the benefit of the trust, rather than to support the trustee's personal claims. See Vazquez, 206 So.2d at 54.
Here, Appellants had to defend against acts which fell outside of their trust duties. Even if some of Appellees' claims related to Dana Brigham's duties as trustee, Appellants failed to present evidence that the legal fees paid out of the trust were for the benefit of the trust. In fact, the Special Master was unable to sever those legal fees relating to the defense of personal claims brought against Appellants from those fees relating to the management of the trust. Since Appellants' individual interests are intertwined and in conflict with their duties to the trust, Appellants were properly required to obtain court approval before paying attorneys' fees with trust funds. See Shriner, 462 So.2d at 1124. We affirm on all other issues on appeal.
Affirmed.
NOTES
[1] Section 737.403 states, in relevant part:

(2) If the duty of the trustee and the trustee's individual interest or his or her interest as trustee of another trust conflict in the exercise of a trust power, the power may be exercised only by court authorization....
§ 737.403, Fla. Stat. (2003).