NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ROBERT RAUSCHENBERG )
FOUNDATION, )
)
Appellant, )
)
v. ) Case No. 2D14-3794
)
BENNET GRUTMAN, BILL GOLDSTON, )
and DARRYL POTTORF, as trustees of the )
Robert Rauschenberg Revocable Trust, )
)
Appellees. )
_____)

Opinion filed January 6, 2016.

Appeal from the Circuit Court for Lee
County; Jay B. Rosman, Judge.

Robert W. Goldman of Goldman
Felcoski & Stone, P.A., Naples, and
James R. George of Greenberg
Traurig, P.A., Ft. Lauderdale, for Appellant.

James A. McKee and Benjamin J.
Grossman of Foley & Lardner LLP,
Tallahassee, Michael Gay of Foley &
Lardner LLP, Orlando, and Ted B.
Edwards of Law Office of Ted B. Edwards,
P.A., Winter Park, for Appellees.

SILBERMAN, Judge.

The Robert Rauschenberg Foundation, as sole remainder beneficiary of

the Robert Rauschenberg Revocable Trust, seeks review of an order awarding

$24,600,000 to trustees Bennet Grutman, Bill Goldston, and Darryl Pottorf for their services. We affirm the award in its entirety. We write only to explain why the trial court correctly refused to calculate fees using the lodestar method.

This case stems from the administration of the considerable estate of iconic and prolific artist and philanthropist Robert Rauschenberg. Rauschenberg devised his residuary estate to the Trust, and the Trust's sole remainder beneficiary was the Foundation. The Trustees managed the Trust assets for several years after Rauschenberg's death while its assets were being transferred to the Foundation. During this time period, the value of the Trust assets increased from $605,645,595 to $2,179,000,000.

The Trust does not contain a provision addressing trustee's fees, and the major disagreement between the parties was the methodology to be used to calculate the fees. The Trustees requested between $51,000,000 and $55,000,000 in fees based on the factors set forth in West Coast Hospital Ass'n v. Florida National Bank of Jacksonville, 100 So. 2d 807 (Fla. 1958). The Foundation asserted that the Trustees were only entitled to $375,000 in fees based on the lodestar method set forth in Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985), modified, Standard Guaranty Insurance Co. v. Quanstrom, 555 So. 2d 828 (Fla. 1990). Both parties presented expert testimony applying their methodology.

In West Coast, the Florida Supreme Court addressed the calculation of trustee's fees in a case in which the testamentary trust did not contain a provision specifying compensation. 100 So. 2d 807. The trial court had awarded annual trustee's fees payable to the corporate and individual trustees based on a percentage of the trust

principal and income.  Id. at 810.  The supreme court rejected this percentage approach

and approved a standard under which the court would consider several factors to

determine "reasonable compensation."  Id. at 811.

> Those factors included:
>
> The amount of capital and income received and disbursed
> by the trustee; the wages or salary customarily granted to
> agents or servants for performing like work in the
> community; the success or failure of the administration of the
> trustee; any unusual skill or experience which the trustee in
> question may have brought to his work; the fidelity or
> disloyalty displayed by the trustee; the amount of risk and
> responsibility assumed; the time consumed in carrying out
> the trust; the custom in the community as to allowances to
> trustees by settlors or courts and as to charges exacted by
> trust companies and banks; the character of the work done
> in the course of administration, whether routine or involving
> skill and judgment; any estimate which the trustee has given
> of the value of his own services; payments made by the
> cestuis to the trustee and intended to be applied toward his
> compensation.

Id. (quoting Bogert on Trusts & Trustees, § 976).

Almost thirty years later, the supreme court issued Rowe to establish

"objectivity and uniformity in court-determined reasonable attorney fees" by adopting the

lodestar method.  472 So. 2d at 1149 (emphasis added).  The court calculated the

lodestar figure by multiplying the number of hours reasonably expended by a

reasonable hourly rate.  Id. at 1151.  In determining the reasonable number of hours

and reasonable hourly rate, the court considered factors similar to the West Coast

factors.  Id. at 1150-51.

The supreme court subsequently applied the lodestar method from Rowe

in a case involving "reasonable compensation" for attorneys and personal

representatives in probate actions.  See In re Estate of Platt, 586 So. 2d 328, 336 (Fla.

1991), superseded by statute, ch. 93-257, § 4, at 2503, Laws of Fla. In rejecting attorney's fees based on a percentage of the estate, the court looked to the legislative history of the statute and determined that the lodestar method was more consistent with that intent. Id. at 331-36. The court emphasized the legislature's use of the word "reasonable" to determine the scope of fees. Id. at 335-36. The court concluded that it would not be "reasonable" to "allow one judge to set reasonable fees in an estate proceeding solely on the basis of a percentage value of the estate, a second judge to set attorney's fees in a similar estate proceeding based on the lodestar method, and a third judge to set attorney's fees in a similar estate proceeding by using a combination of both." Id. at 336.

Approximately fifteen years after Platt issued, the Florida Legislature enacted a trustee fee statute that similarly provides for an award of trustee's fees that are "reasonable under the circumstances" when the trust does not specify compensation. See § 736.0708(1), Fla. Stat. (2007). The statute does not set forth a methodology for calculating "reasonable" trustee's fees or otherwise explain which "circumstances" should be considered.

The Foundation argues that the use of the term "reasonable" in section 736.0708(1) without further elucidation suggests a legislative intent to adopt the lodestar method set forth in Rowe. The Foundation asserts that the lodestar method, which the Rowe court applied to calculate attorney's fees, is equally applicable to trustee's fees. The Foundation points to the supreme court's application of the lodestar method in Platt to "reasonable compensation" for attorneys and personal representatives in probate actions.

However, the legislative history of section 736.0708(1) indicates an intent to apply the <u>West Coast</u> factors. Specifically, the Senate Staff Analyses in support of the bill reference section 736.0708(1) and explain, "On the factors to be taken into account in determining a reasonable compensation, see <u>West Coast Hospital Association v. Florida Nat'l Bank of Jacksonville</u>, 100 So. 2d 807 (Fla. 1958) citing with favor Bogert, Trusts and Trustees, s. 976." Fla. S. Comm. on Banking & Ins., CS for SB 1170 (2006) Staff Analysis 18 n.258 (Mar. 21, 2006); Fla. S. Comm. on Jud., CS for SB 1170 (2006) Staff Analysis 19 n.255 (Mar. 10, 2006). And there is no indication of legislative intent to apply the lodestar method in any manner. Thus, we conclude that the lodestar method set forth in <u>Rowe</u> does not apply to trustee's fees.

Accordingly, the trial court correctly refused to calculate the Trustees' fees using the lodestar method. The court properly applied the <u>West Coast</u> factors, and the court's findings regarding those factors and the reasonable fee amount are supported by the evidence presented at trial.

Affirmed.

ALTENBERND and NORTHCUTT, JJ., Concur.