PER CURIAM.
Marion James Gray seeks review of an order of the probate court, sitting in its guardianship capacity, determining that it has subject matter jurisdiction to entertain petitions filed by the guardians of the person and of the property to establish an inter vivos trust on behalf of the ward, Ruth Ives.[1]
We deny the petition. Pursuant to section 744.441(19), Florida Statutes (1989), the guardian may “[ajfter obtaining approval of the court pursuant to a petition for authorization to act, ... [cjreate revocable or irrevocable trusts of property of the ward’s estate which may extend beyond the disability or life of the ward in connection with estate, gift, income, or other tax planning or in connection with estate planning.” The legislature has the authority to enact such a statute. See generally Hughes v. Bunker, 76 So.2d 474 (Fla.1954) (all matters pertaining to guardians and wards and property of wards governed by Florida Guardianship Law). Pursuant to its legislative mandate, the probate court, therefore, has jurisdiction to entertain the petition and determine whether such a trust should be established.
In denying the petition, we neither approve nor disapprove the proposed inter vivos trust.
Petition denied.

. Gray was named as a respondent in the petitions filed by the guardians. The petitions seek to establish a trust that, in the words of the petitioners themselves, "extends beyond the guardianship of the ward and creates a total dispositive plan for the ward’s estate.” Gray was named as a beneficiary in a purported will of the ward.